*In the matter of the Petition of* GEORGE WOLF *for a Writ of Habeas Corpus.*

1. CIRCUIT COURT—*Contempt—Power to Punish.* The judge of the circuit court of Shawnee county has power to punish by imprisonment a person guilty of contempt in disobeying a lawful order duly made by such court.

2. JURISDICTION, *Not Lost.* Where, on trial of an action pending in such circuit court, it was found and adjudged that the defendant had in his possession property of the plaintiff, which he had obtained by fraud, and he was thereupon adjudged to restore such property to the plaintiff, and to pay the full value thereof if not restored, and the defendant was ordered to appear at a subsequent day in said term, and produce such property and deliver it to the plaintiff, and was required to account at such time with reference to such property, and where the defendant refused to comply with the order of the court by producing the property, and, after a further continuance, was found guilty of willful contempt of the order of the court, such circuit court still had jurisdiction over the case, for the purpose of punishing the defendant for his contempt.

*Original Proceeding in Habeas Corpus.*

THE opinion herein, filed December 9, 1893, contains a sufficient statement of the case.

*S. B. Bradford*, and *W. E. Atchison*, for petitioner.

*John T. Little*, attorney general, and *E. A. Austin*, for respondent.

The opinion of the court was delivered by

ALLEN, J.: The petitioner is confined in the Shawnee county jail under a commitment by the judge of the circuit court of Shawnee county for contempt. He asks to be released, claiming that the judge of said court had no authority under the law to order his commitment. It appears that on 13th day of March, 1893, an action in which Elizabeth Kern was plaintiff, and the petitioner, George Wolf, was defendant, was tried in said circuit court, and thereupon the court found that the defendant had obtained by fraud from the plaintiff

certain property of the value of $1,200, and directed that an accounting be had on the 18th of March, 1893, at which time the defendant was required to appear, produce and restore to the plaintiff the property and the proceeds thereof, and submit to such further order and decree as the court might make. The court further ordered, that in case a return of said property or the proceeds thereof could not be had, the plaintiff have and recover the value thereof, to wit, $1,200, and costs of suit. The defendant was enjoined from disposing of any part of the property, and, pending the accounting and further decree, from removing, selling, incumbering, disposing of or conveying any property or money of said defendant. Afterward, on the 18th of March, a further hearing was had, and thereupon the court found,

"that said defendant, George Wolf, has the property and the proceeds thereof belonging to the plaintiff, consisting of money, in his possession and under his control, which should be produced, restored, and applied to the satisfaction of the order, decree and judgment herein; that said property was obtained through fraud and the fraudulent conduct of said defendant, as found in the original decree herein; that said defendant has refused and refuses to produce, restore or otherwise comply with the said order and degree, and that the said refusal is willful and contumacious, without any lawful or sufficient excuse or reason."

Thereupon, the defendant was required to appear on the 25th of March and show cause why he should not be committed for a contempt of the order of the court. On the 25th of March the parties again appeared, and, after a hearing, the defendant was committed for contempt in having disobeyed the order of the court.

It is contended that the circuit court lost jurisdiction of the case when the orders of March 13 were made; that a final judgment was then rendered, which, under § 17 of chapter 83 of the Laws of 1891, should have been immediately transcribed and certified to the clerk of the district court, and that thereafter no further proceedings could be had in the circuit court, but that all processes for the enforcement of the judg-

ment must be issued out of the district court. It is a general proposition that the court rendering a judgment has full control of it until the expiration of the term at which it is rendered. (*Remley v. DeWall*, 41 Ga. 466; Freem. Judg., § 90.) There can be no doubt that the court may retain control of a case until all matters necessary to be determined in it are finally disposed of. The record in this case, it is true, of the proceedings on the 13th of March, shows an entry which is in form a final judgment; but portions of the same entry clearly show that the court intended to retain control of the case for the purpose of enforcing the order for the production of the property fraudulently obtained and kept by the defendant. If the property were produced in compliance with the order, the judgment would be either wholly canceled, or reduced by the value of the property restored. There was in effect a continuance of the case from time to time until the order for the commitment of the defendant was finally made. The court had not lost jurisdiction of the case when it made the order under which the defendant is held. Section 5 of said chapter 83 is as follows:

"SEC. 5. The judge of the circuit court within his county, and respecting actions or proceedings pending, or to be brought in or before the superior court, shall have and exercise jurisdiction and powers in vacation or at chambers, to hear and determine motions to grant, vacate or modify injunctions, to dissolve or to discharge attachments, to appoint receivers, to vacate orders of arrest, and to grant or vacate all necessary interlocutory orders, and to punish for contempt; and in all other cases the judge of the circuit court may have and exercise the like powers and jurisdiction in the term time or at chambers respecting actions or proceedings in the circuit court, as by law are conferred upon the district judge respecting actions and proceedings in the district court."

This section gives ample authority to the judge of the circuit court to punish parties guilty of contempt of its orders.

The petitioner will be remanded to the custody of the sheriff.

All the Justices concurring.