## THE HUTCHINSON SALT & STOCK YARDS COMPANY et al. v. D. H. BALDRIDGE.

1. ORDER, *Power to Set Aside — Jurisdiction, not Lost.* A judgment or order made by a district court may for good cause, afterward, at the same term, be set aside; and where an order of dismissal has been entered, but is afterwards, at the same term, in effect, set aside, and the cause continued for a further hearing, the court does not thereby lose jurisdiction of the parties.

2. PRACTICE — *Accounting — Adjudication — Lien.* In an action to set aside several instruments affecting the title to real estate, and to recover an interest in the lands, where the court upon a hearing denies the plaintiff the relief asked, but grants him the right to file an amended petition and proceed to an accounting between the plaintiff and the defendants as to the rights of the parties with respect to purchase money due plaintiff, under the view of the court that the conveyances should be upheld, an announcement by the court at the first hearing that it declines to set aside the various written instruments affecting the title to the property does not amount to an adjudication which will prevent the court on a final hearing from awarding the plaintiff the amount due him from one of the defendants, and making the same a first lien on the lands in controversy, as against all the other defendants deriving title through him.

*Error from Reno District Court.*

D. H. BALDRIDGE brought this action in the district court of Reno county against *The Hutchinson Salt & Stock Yards*

*Company*, the Omaha Packing Company, G. A. Walkup, W. Curtis, and Wm. Rickards, to set aside various deeds and mortgages, and to recover the possession of an undivided one-half of 151 acres of land, known as "Grand View Addition to the City of Hutchinson." The petition alleges, in substance, that the plaintiff was seized in fee of the undivided half of the lands before mentioned; that on the 17th day of October, 1888, the defendant G. A. Walkup filed a deed for record in the office of the register of deeds of Reno county, purporting to convey from the plaintiff and W. Curtis and wife the whole of said lands; that the plaintiff never executed said deed, and that the same was a forgery; that Walkup and wife deeded a part of the same property to the Hutchinson Salt & Stock Yards Company, and another portion to the Omaha Packing Company; that on the 1st of October, 1888, Walkup executed a mortgage on the lands included in the deed filed by him for record to Curtis, and on the 1st day of November, 1888, the Hutchinson Salt & Stock Yards Company executed to Wm. Rickards, trustee, its alleged trust deed on the lands deeded to the Salt & Stock Yards Company; that Walkup, the Hutchinson Salt & Stock Yards Company, the Omaha Packing Company, W. Curtis and Wm. Rickards had full knowledge at the time when they accepted their respective deeds, trust deeds and mortgages that the plaintiff had never executed the deed first mentioned. The defendant W. Curtis filed an amended answer, alleging that the plaintiff ratified the delivery of the deed to Walkup; that he (Curtis) acted with full power and authority, and that Baldridge had forfeited and relinquished all right to the land in controversy. The answer also set up a written contract, dated April 30, 1887, between the plaintiff, W. Curtis, D. S. Gibbs, David Miller, A. S. Vance, and Palmer Perkins, showing that the lands had been purchased from Nathan Rickards, and by agreement deeded to Baldridge and Curtis in trust for all the parties; that the ownership should be one-half in Baldridge and one-tenth in each of the other parties, and providing for laying out the land as

an addition to the city of Hutchinson, and for the sale thereof, and the application of the proceeds, first, to the payment of the purchase money, and the balance to be divided among the parties according to their interests. The answer of Curtis further alleges, that the interest of all the other parties to the agreement, except the plaintiff and Curtis, was forfeited and terminated at the time the second payment on the land became due, and that, when subsequent payments became due, Baldridge failed to pay his part, and thereby forfeited his title. To this answer a reply was filed, admitting the execution of the written contract, and alleging a waiver of any forfeiture of the rights of the parties under the contract, and stated that the balance of the purchase price, which Curtis alleges he paid, was evidenced by six promissory notes; that on or about June 1, 1888, Curtis had in his possession about $4,000, which, by the contract, he was to apply in payment of said notes; that plaintiff and Curtis then entered into an agreement by which Curtis agreed to pay off said notes, take them up, and hold them until November 9, 1890, and give the plaintiff until that date to pay his part thereof.

The Hutchinson Salt & Stock Yards Company, G. A. Walkup, and Wm. Rickards, trustee, first filed separate answers, containing merely general denials. They and the Omaha Packing Company afterward filed a joint amended answer, containing, first, a general denial; second, an admission of the filing of the deed to Walkup, and an averment that said deed was duly executed and delivered by the plaintiff through his duly-authorized agent, McKee; that McKee was authorized to execute such deed in the name of Baldridge, by power of attorney duly executed; that the deed when executed did not contain the name of G. A. Walkup, nor any other grantee, but that the name of Walkup was inserted thereafter in accordance with the instructions of Baldridge; that the Hutchinson Salt & Stock Yards Company purchased the lands from Walkup for the sum of $62,000, and paid the purchase price to him without notice or knowledge of any of said facts, or of any defects in Walkup's title; that Baldridge

ratified the delivery of the deed to Walkup; that the Hutchinson Salt & Stock Yards Company took possession of the lands and made lasting and valuable improvements thereon at great expense; that the Omaha Packing Company was an innocent purchaser for value, and that part of the land was conveyed to it without any notice of Baldridge's claims. This answer contains no statement showing Rickards's rights, if any, in the premises. To this answer a reply containing a general denial was filed. The case came on for trial on the issues so framed, before the court, and testimony was introduced and the following journal entry was made:

"This cause came on for hearing, all parties appearing, on this —— day of November, 1889. The case was tried before the court, testimony and evidence introduced, and the arguments of counsel were made. The court takes the case under advisement until an adjourned day of this court, to wit, December 9, 1889."

On December 9, 1889, being an adjourned day of the regular September term of the above court, all parties again appeared in person and by counsel, and the court announced its decision, as follows:

"1. The court finds from the evidence that there is no case in law or equity against defendant the Omaha Packing Company, and adjudges that the bill of plaintiff as to said defendant be dismissed, and that said defendant recover of plaintiff its costs, taxed at $——, for which let execution issue.

"2. The court finds from the evidence that there is no case in law or equity against the Hutchinson Salt & Stock Yards Company entitling plaintiff to a cancellation of the deed to the land in question, or possession of the same, or any part thereof. But that, as there ought to be an accounting between defendant Curtis and plaintiff, it would be equitable in such case that the Hutchinson Salt & Stock Yards Company do not pay to W. Curtis any note or notes given for the purchase money of the land in question which may be in the possession of Curtis or under his control, and particularly the note placed in escrow at the First National Bank, city of Hutchinson, without the consent of Baldridge, or until an accounting is finally had between Curtis and Baldridge, provided that

plaintiff elects to have an accounting with Curtis within ——— days, and it is so adjudged. Also, that the Hutchinson Salt & Stock Yards Company recover its costs against plaintiff, taxed at $———. Further, that if plaintiff does not elect to have accounting with Curtis in ——— days, all restraint herein is null and void as to Salt & Stock Yards Company.

"3. The court finds that, as between Curtis and Baldridge, that while the deed should stand, under the circumstances, and possession of premises be refused plaintiff, that there should be an accounting, at the option of plaintiff, and the defendant Curtis be held in court for proper accounting, at option of plaintiff; and that any sum due from defendant Curtis should be a lien on the purchase money received by Curtis for the land in question, and which may be due on notes unpaid which may be in Curtis's possession; and it is adjudged that plaintiff's prayer for the cancellation of the deed and possession of the land be denied, but that defendant Curtis be held in court for accounting with plaintiff, if plaintiff desires, and that plaintiff be permitted to amend his pleadings so as to procure issue for accounting in the next — days; defendant to have — days to file counter pleadings; and that in the meantime the defendant W. Curtis hold all purchase money which he may have received or may receive for said premises as security for any judgment which plaintiff may obtain; but that if plaintiff does not elect to file such additional pleading for an accounting, and to have same in said — days, that then the bill of plaintiff be dismissed absolutely as to the defendants, and all restraint herein annulled, and all costs be taxed to plaintiff.

"The court also finds that plaintiff has made no case as to Wm. Rickards, trustee, and dismisses the bill of plaintiff as to him, with costs."

Afterward, though at just what date does not appear, further proceedings are shown, by a journal entry as follows:

"This cause being called for trial, the plaintiff and each of the defendants appeared and announced themselves ready for trial without a jury, and thereupon the cause is tried before this court. The plaintiffs and each of the defendants introduced the evidence on their part respectively, and the cause is argued by consent. Thereupon the cause is by the court taken under advisement until the 23d day of December, 1889. And now, on this 23d day of December, 1889, the parties

being present, the court announces its decision. The court finds the issue between the plaintiff and the defendant the Omaha Packing Company upon the first and second causes of action in the petition in favor of said defendant the Omaha Packing Company, and it is considered, ordered and adjudged by the court that the defendant Omaha Packing Company have judgment against the plaintiff upon the issue between them, and that the plaintiff pay the costs hereof incurred upon said issue, taxed at $————, to which finding and judgment the plaintiff excepted. The court declines to vacate and set aside the conveyance from the defendant W. Curtis and plaintiff to defendant G. A. Walkup, and declines to set aside the conveyance from the defendant G. A. Walkup to the defendant the Hutchinson Salt & Stock Yards Company, to all which the plaintiff excepted. But it is by the court ordered that the plaintiff be allowed to file his amended and supplemental petition, to be taken as having been filed prior to the commencement of this trial, which is done this day, and that all allegations of new matter therein be taken as denied, and that the defendant be allowed to file additional answers within 20 days, to make proper issues for accounting, and that all allegations of new matter therein be deemed to be denied. And it is by the court further ordered, that the cause be further continued for the purpose of taking and hearing additional testimony upon the question of the accounting herein ordered, and it is ordered by the court that an account be taken between the plaintiff and the defendants W. Curtis, the Hutchinson Salt & Stock Yards Company, G. A. Walkup and William Rickards of the interests of the plaintiff in the foreclosure money paid and to be paid by the defendant the Hutchinson Salt & Stock Yards Company to the defendant W. Curtis, and in the purchase money paid by the defendant G. A. Walkup to the defendant W. Curtis."

The plaintiff elected to proceed to an accounting, and thereafter filed an amended and supplemental petition, alleging substantially the same matters contained in the original petition, and some other matter, and concluding with a prayer, first, for a cancellation of all the deeds, trust deeds, and mortgages; second, for a recovery of possession of the undivided half; and, third, if the court shall decline to set aside and annul said conveyances, then for an accounting, and that the

sum of $15,584 be charged upon said land as a first lien in favor of the plaintiff. The only answer to this amended petition was one by Curtis alone. Thereafter, a further hearing was had, and a judgment rendered. The journal entry begins with the following recital:

"Now, on this 13th day of April, 1890, this case comes on further to be heard, in pursuance of the adjournment of the trial thereof from the —— day of December, 1889, and upon the original and amended pleadings of the parties between the plaintiff and all said defendants, except the defendant the Omaha Packing Company."

After stating the items of account between the parties, the court finds that there is a balance due the plaintiff of $8,-103.10; that it is a first lien on all the property, except that claimed by the Omaha Packing Company; and a judgment is thereupon rendered in favor of the plaintiff, against Curtis personally, for said balance and costs, and ordering a sale of a portion of the property described in the decree to satisfy this judgment. The defendants *The Hutchinson Salt & Stock Yards Company* and *Wm. Rickards* bring the case here for review, solely on the record, claiming error in charging the judgment against Curtis as a lien on the lands.

*Whiteside & Gleason,* for plaintiffs in error:

Our contention is:

1. That the final judgment of the court was inconsistent with the findings made on the 9th day of December, 1889, both as against Rickards, trustee, and against the Hutchinson Salt & Stock Yards Company. We need not argue this, as an examination of the journal entry and our statement cf the case fully disclose this fact.

2. That the first judgment, rendered on December 9, in favor of the Hutchinson Salt & Stock Yards Company, and in favor of Rickards, trustee, is *res adjudicata,* final, and conclusive, has never been appealed from, and is therefore conclusive as against the plaintiff, Baldridge, so far as his right to a lien upon the real estate is concerned.

Under our statutes, in an action of partition, every lien and interest of every party in the premises can be passed upon. It is a well-established principle of law, that under such statutes like ours a decree of partition is final and conclusive as against every interest of every party who is made party to the action. "A decree in partition under such statutes is final and conclusive as to all claims or interests which any party thereto may have in the premises." *Forder v. Davis,* 38 Mo. 107; *Greenlief v. Railway Co.,* 37 Hun, 435; *Hart v. Stedman,* 98 Mo. 452; *Scantlin v. Allison,* 32 Kas. 376; *Scarborough v. Smith,* 18 id. 399; see, also, *Smith v. Auld,* 31 Kas. 266; *Hoisington v. Brakey,* 31 id. 563; *Ellis v. Crowl,* 46 id. 100; *C. K. & W. Rld. Co. v. Comm'rs of Anderson Co.,* 47 id. 766.

The question may be raised that no motion for new trial was offered on the part of the defendant Rickards, trustee, or the stock yards company in the court below, but this case comes up on errors upon the face of the record, and, under the authorities, no exceptions or motion for new trial or motion to set aside the judgment was necessary. *Koehler v. Ball,* 2 Kas. 160; *Dexter v. Cochran,* 17 id. 447; *Woolley v. Van Volkenburgh,* 16 id. 20; *Lender v. Caldwell,* 4 id. 339, 346; *Brown v. Tuppeny,* 24 id. 29, 31; *McKinstry v. Carter,* 48 id. 428.

*Thornton W. Sargent, Sluss & Stanley,* and *McCartney & Wise,* for defendant in error:

1. Counsel for plaintiffs in error contend that by the judgment of December 9, 1889, Wm. Rickards and the Hutchinson Salt & Stock Yards Company went out of court, and that the court had no jurisdiction over them to render the judgment of December 23, 1889, and the judgment of April 13, 1890. The district court of Reno county, Kansas, is a court of general jurisdiction. When the district court renders judgment, the presumption is that it had jurisdiction. Before a judgment rendered by it will be set aside or reversed, it must affirmatively appear that it did not have jurisdiction. Mere silence in the record as to

34—53 KAS.

whether the party was served with proper process or voluntarily appeared will not authorize the supreme court to reverse or vacate the judgment of the lower court.  See *Butcher v. Bank of Brownsville*, 2 Kas. 70; *Carey v. Reeves*, 32 id. 718; *Horner v. Doe*, 1 Ind. 130; 48 Am. Dec. 355.

In *Potter v. Merchants' Bank*, 28 N. Y. 641, (86 Am. Dec. 273,) the court says: "The courts agree that a recital in the record of appearance or of service of process is evidence of the fact recited, and they differ only as to whether the fact recited is conclusive or only *prima facie*."

A voluntary appearance of a party gives the court jurisdiction.  *Carver v. Shelley*, 17 Kas. 474; *Cohen v. Trowbridge*, 6 id. 385; *McBride v. Hartwell*, 2 id. 411, 415; *Shuster v. Finan*, 19 id. 114, 116, 117; *Miller v. Bogart*, 19 id. 117, 119; *Bury v. Conklin*, 23 id. 460; *Hefferlin v. Stuckslager*, 6 id. 166.

2.  It is urged by counsel for plaintiffs in error that the judgment of December 9, 1889, against the Hutchinson Salt & Stock Yards Company and Wm. Rickards is *res adjudicata* and bars the judgment of April 13, 1890.  If Rickards and the Hutchinson Salt & Stock Yards Company regarded the judgment of December 9, 1889, as *res judicata*, they should have filed a pleading setting up the prior adjudication, but, failing to do so, they waived their right to rely upon the former adjudication.  By the judgment of December 23, all the allegations of new matter in the amended and supplemental petition were to be deemed as denied.  This was equivalent to having filed a general denial.  The defendants were allowed 20 days in which to file additional answers.  They did not file any additional answers, and thereby they waived their right to set up the plea of *res judicata*.  They could not show the former adjudication under the general denial.  *Fanning v. Insurance Co.*, 37 Ohio St. 344, 346; *Cave v. Crofts*, 53 Cal. 135.

3.  It is urged by counsel for plaintiffs in error that the interest of D. H. Baldridge in the property, amounting to $8,103.10, could not be declared a lien upon the property prior

to the interest of the Hutchinson Salt & Stock Yards Company and William Rickards. The agreement of Baldridge, Gibbs, Curtis, Miller, Vance, and Perkins, made April 30, 1887, establishes the relation between the parties to it and determines the character of their ownership of the land. This agreement has all the essentials of a partnership in real estate. The facts in this case and the facts in the case of *Simpson v. Tenney*, 41 Kas. 561, are very similar. The facts in the present case are even stronger than in the case cited. The court held that the contract in that case, a copy of which is set forth in the opinion, constituted a partnership. Upon the authority of this case, it is clear and certain that Baldridge and Curtis were partners in the real estate involved in this action.

No motion for a new trial having been filed, the supreme court cannot consider whether the findings are supported by the evidence. *Hover v. Cockins*, 17 Kas. 518. See, also, *Typer v. Sooy*, 19 Kas. 593.

The opinion of the court was delivered by

ALLEN, J.: The principal contentions on behalf of the plaintiffs in error are, (1) that the final judgment of the court was inconsistent with the findings made on the 9th of December, 1889, as against the plaintiffs in error, and that the court then divested itself of jurisdiction over them, and dismissed them out of the case; (2) that the first judgment, rendered on December 9, in favor of plaintiffs in error, is *res adjudicata*, final and conclusive as to them.

I. It is unimportant whether the final judgment in the action is entirely consistent with the interlocutory decree entered on the 9th of December or not, unless, by its action at that time, the court was divested of jurisdiction over the parties, for, so long as the court retained jurisdiction of the case for further hearing, it was unquestionably within its power to set aside, change or annul its previous order. It is true that the entry of December 9 shows a finding against the plaintiff's right to a cancellation of the various instruments,

and also a finding that the plaintiff has made no case against Wm. Rickards, trustee, and dismisses the bill as to him; but at the same term of court, and on a further hearing, the court orders

"That an account be taken between the plaintiff and the defendants W. Curtis, the Hutchinson Salt & Stock Yards Company, G. A. Walkup and William Rickards of the interests of the plaintiff in the foreclosure money paid and to be paid by the defendant the Hutchinson Salt & Stock Yards Company to the defendant W. Curtis, and in the purchase money paid by the defendant G. A. Walkup to the defendant W. Curtis,"

and continues the case to the next term of court for that purpose. This order, being made at the same term of court and while the former order was still under the control of the court, had the effect to set aside any portion of the first order in conflict with it. (*In re Wolf*, 52 Kas. 366.)

It was unquestionably the intention of the court to hold all the parties named in court, for the purpose of adjusting their rights as they might be determined on a full accounting. That this was the understanding of all parties to the case, as well as of the court, is confirmed by the recital in the journal entry of the 13th of April, 1890, which shows that the case came on to be further heard pursuant to the adjournment between the plaintiff and all said defendants except the Omaha Packing Company. If, as this journal entry shows, all of these parties were there present asserting their rights and asking the court to protect them, they are in no position to deny the jurisdiction of the court.

It is especially urged that there is error as to Rickards, and that there was a clear and unqualified dismissal as to him. An examination of the record before us fails to disclose what interest in or claim upon any of the property Rickards had. In none of his pleadings does he make known what his rights are. The court is not required to assume that he has rights which he fails to make known.

II. The claim that the first order was an adjudication of

the rights of the parties is without foundation, and is probably an afterthought of counsel. No pleading was filed setting up a former judgment in bar of the plaintiff's rights. If such a pleading had been filed, we think the record fails to support the claim. There was no final determination of the case, except as to the Omaha Packing Company, in December. It is suggested in the brief, though not argued at length, that the pleadings do not warrant the judgment which was in fact rendered. The action was in its nature equitable. The plaintiff sought to recover a half interest in the lands involved, and to set aside the various written instruments affecting the title to it. The court, for reasons not disclosed to us, saw fit to refuse plaintiff the full relief he asked, but granted him an accounting, and did ascertain that the sum of $8,103.10 was due him from Curtis on account of the dealings with reference to this land, and that he was entitled to a first lien for that sum as against all the defendants. None of the evidence being preserved in the record, we cannot say that the court erred in its conclusions. We can imagine various possible states of proof which would amply warrant the judgment finally rendered by the court, and we must assume, under such a record as is now presented, that all the facts necessary to uphold the judgment were proven.

The judgment is affirmed.

All the Justices concurring.