CHARLES F. WEBER v. THE CHICAGO, ROCK ISLAND
& PACIFIC RAILWAY COMPANY.

No. 13,664. (77 Pac. 533.)

SYLLABUS BY THE COURT.

1. RAILROADS—*Liable Only to Consignees for Loss of Grain.*
Under section 6 of chapter 100, Laws of 1893 (Gen. Stat. 1901,
§ 5943), the right to recover from a railway company for loss of
grain delivered to it for transportation is expressly restricted to
the consignee, his heirs or assigns. *Held,* that in an action based
on the statute the owner and. consignor of grain delivered to such
carrier cannot recover for loss or shortage of grain received by it
for shipment.

2. ———— *Doubt about Vitality Left in Act of 1893.* In view of
the decision in *Railway Co. v. Simonson,* 64 Kan. 802, 68 Pac.
653, 57 L. R. A. 765, 91 Am. St. Rep. 248, it is doubtful whether
there is any vitality left in chapter 100, Laws of 1893 (Gen. Stat.
1901, §§ 5938–5947). Can· it be said that the legislature would
have enacted the law with that part of section 6 omitted which
makes the bill of lading conclusive proof of the amount of grain
received by the carrier?

Error from Shawnee district court; Z. T. HAZEN,
judge. Opinion filed July 7, 1904. Affirmed.

*Sherman & Fletcher,* for plaintiff in error.

*M. A. Low, W. F. Evans,* and *Paul E. Walker,* for
defendant in error.

The opinion of the court was delivered by

SMITH, J. : This was an action against the railway
company to recover for the loss of 11,200 pounds of
wheat, of the value of $114.80, part of a car-load shipped
by plaintiff in error from the station of Kanorado,
Kan., to Kansas City, Mo., over the line of defendant
in error, consigned to Goffe, Lucas & Carkener, com-
mission agents, at Kansas City. The action was based
on the right to recover given by chapter 100, Laws of

1893 (Gen. Stat. 1901, §§ 5938–5947). Section 6 of the act (Gen. Stat. 1901, § 5943) reads: .

"Each railway company operating a railway wholly or partly within the state shall be required to give to any person delivering grain, seed or hay in bulk or in sacks to such company for transportation, at any station entitled to track-scales under this act, a bill of lading, in duplicate, which bill of lading shall state the exact number of bushels or pounds of grain, seed or hay so delivered, to such railway company, by whom delivered, and to whom consigned; and thereafter such railway company shall be responsible to the consignee named in said bill of lading, or to his heirs or assigns, for the full amount of such grain, seed or hay so delivered to such railway company, until it shall show that it has delivered the whole amount of such grain, seed or hay to such consignee or to his heirs or assigns; provided, however, that if the shortage on any car of grain, seed or hay shall not exceed one-fourth of one per cent. of the amount of grain, seed or hay put in the car, then the railway company shall be deemed to have delivered the whole amount of grain, seed or hay in the car. And in any action hereafter brought against any railway company, for or on account of any failure or neglect to deliver any such grain, seed or hay to the consignee, or his heirs or assigns, either duplicate of such bill of lading shall be conclusive proof of the amount of such grain, seed or hay so received by such railway company."

It will be noticed that the liability imposed on a railway company by this statute is restricted to loss sustained by the consignee. The law in express words makes the railway company "responsible to the consignee named in said bill of lading" for any shortage in the grain transported. Charles F. Weber, plaintiff below, brought the action in his own name. A demurrer was sustained to his petition. He complains that the court erred.

The law on which the right of action depends, in

addition to the damages sustained by the loss of grain, permits the recovery of attorneys' fees, which are demanded in this action. It is agreed that all the grain received by the railway company at Kanorado was transported safely, without loss, and delivered by it to the Kansas City Suburban Belt Railroad Company, a connecting carrier, for delivery by the latter to an elevator in Kansas City, Mo. Section 7 of the law under consideration fixes on the receiving carrier a liability, notwithstanding the shortage was caused by the negligence of a connecting railway, unless all the facts and circumstances of such loss or shortage on the connecting line be fully set forth in written pleadings and affirmatively and fully proved by it. Plaintiff in error demands the application of this section in his behalf and invokes its requirements to defeat the claim made by the railway company in denial of liability, for the reason that the facts and circumstances of the loss on a connecting carrier's line were not fully set forth in written pleadings filed in the action by defendant below.

We mention the nature of the action and the contention of plaintiff in error to show that his sole claim of right to recover is based on the different sections of chapter 100 of the Laws of 1893, and not on the theory of a common-law liability. This being true, the action must conform strictly to the requirements of the law which affords the remedy. In Sutherland on Statutory Construction, section 371, it is said:

"If a statute creates a liability where otherwise none would exist, or increases a common-law liability, it will be strictly construed. A statute, even when it is remedial, must be followed with strictness, where it gives a remedy against a party who would not otherwise be liable. The courts will not extend or enlarge the liability by construction; they will not

go beyond the clearly expressed provisions of the act. Statutes which create a liability in favor of 'the widow and next of kin' of a person whose death has been caused by negligence are of this class. Actions founded on those statutes must strictly conform to them. Such an action cannot be given by implication. The relief or remedy provided is not extended to any other persons than those mentioned in the statute."

In *Rodman v. Railway Co.*, 65 Kan. 645, 648, 70 Pac. 642, 59 L. R. A. 704, a recovery was sought from a railway company for wrongfully causing the death of plaintiff's husband. The action was founded on section 422 of the civil code (Gen. Stat. 1901, § 4871). It was held that the two years given by the section within which the action must be brought was a condition imposed on the exercise of the right to sue, and that the time could not be extended by the pendency and dismissal of a former action.

The case of *Hamilton v. H. & St. J. Rld. Co.*, 39 Kan. 56, 18 Pac. 57, was an action in this state, under a statute of Missouri, to recover for the death of a person. The right of action was fixed by the statute in the husband or wife of the deceased for six months after the death. After that time the right vested absolutely in the surviving minor children, if there were any. The court said:

"The right thus conferred is a conditional one, and the plaintiffs in such action must bring themselves clearly within the prescribed conditions necessary to confer the right of action."

To the same effect, see *Woodworth v. Bowles*, 61 Kan. 569, 60 Pac. 331; *Miller v. Clark*, 62 id. 278, 62 Pac. 664; *Ryan et al. v. Ray et al.*, 105 Ind. 101, 4 N. E. 214.

It follows that, the action not having been brought

in the name of the consignees, the only persons author-
ized to maintain it, there can be no recovery.  The
fact that the plaintiff below was the owner of the
grain cannot affect the question.

It is a well-known commercial usage for shippers
to make drafts on their consignees with bills of lading
attached and obtain the amounts drawn for at a bank
before the receipt of the grain at its destination.  The
protection of the acceptors of such drafts from loss
may have been the legislative purpose in permitting
only the consignees, their heirs or assigns, to main-
tain an action under the statute for shortage.  Plain-
tiff in error cites section 26 of the code (Gen. Stat.
1901, § 4454), which requires that every action be prose-
cuted in the name of the real party in interest.  It has
no application.  In *Rodman v. Railway Co.*, supra, the
general provisions of the statute of limitations were
held not to save an action given by special statute
which contained in it a limitation inseparable from
the right to pursue the remedy provided and a part
of it.

It is extremely doubtful whether, in view of the de-
cision in *Railway Co. v. Simonson*, 64 Kan. 802, 68 Pac.
653, 57 L. R. A. 765, 91 Am. St. Rep. 248, there is any
vitality left in the statute under consideration.  Can
it be said that the legislature would have enacted the
law with that part of section 6 omitted which makes
the bill of lading conclusive proof of the amount of
grain received by the carrier?

The judgment of the court below is affirmed.

All the Justices concurring.