No. 20,757.

A. S. BENNETT, doing business as THE BENNETT COMMISSION COMPANY, *Appellant*, v. THE SAINT MARYS GRAIN COMPANY, *Appellee.*

#### SYLLABUS BY THE COURT.

1. SALE—*Bill of Lading—Shortage in Grain—Buyer's Remedy against Seller.* The provisions of section 8510 of the General Statutes of 1915, relating to bills of lading and the liability thereunder of railway companies, do not preclude the buyer of grain from recovering against the seller for a shortage in the amount paid for.

2. ATTACHMENT AND GARNISHMENT—*Redelivery Bond—Estoppel.* An affidavit for garnishment, instead of stating that the defendant had no property liable to execution sufficient to satisfy the plaintiff's demand, as required by section 7121 of the General Statutes of 1915, stated that it had "not property liable to execution sufficient to satisfy the plaintiff's demand" in this (Shawnee) county. *Held*, that as the defendant voluntarily appeared and without objection gave bond releasing the property attached, it can not now be heard to question the validity of the garnishment affidavit.

Appeal from Shawnee district court, division No. 1; ALSTON W. DANA, judge. Opinion filed April 7, 1917. Modified.

*Eugene S. Quinton,* of Topeka, for the appellant.
*Maurice Murphy,* of St. Marys, for the appellee.

The opinion of the court was delivered by

WEST, J.:   The plaintiff sued to recover on a written contract by the terms of which the defendant was to furnish five cars of wheat to be delivered and weighed at Kansas City. It was alleged that the defendant drew a draft on the plaintiff for $60.90 more than the wheat came to, which plaintiff paid believing that the draft represented the actual amount of wheat so delivered and weighed. The jury found in accordance with these allegations and awarded $60.90 on account thereof, which the court substracted from the amount of the verdict, from which order of subtraction the plaintiff appeals.

The defendant by way of cross-petition claimed damages for garnishing the railway company, and stopping two cars

19—100 KAN.

of wheat, which the defendant gave bond to release. The jury found in favor of the defendant on this matter and allowed $59 therefor. This was approved by the trial court and is assigned as error by the plaintiff.

The disallowance of the first item is sought to be justified under section 8510 of the General Statutes of 1915, providing that each railway company shall be required to give to any one delivering grain for transportation a bill of lading in duplicate, stating the exact number of bushels or pounds of grain, by whom delivered and to whom consigned; that thereafter the railway company shall be responsible to the consignee named in the bill of lading for the full amount of such grain until it shall show that it has delivered the whole amount thereof, and that "in any action hereafter brought against any railway company for or on account of any failure or neglect to deliver any such grain  .  .  .  to the consignee, or his heirs or assigns, either duplicate of such bill of lading shall be conclusive proof of the amount of such grain, . . . so received by such railway company."

*Weber v. Railway Co.,* 69 Kan. 611, 77 Pac. 533, holding that the right to recover from a railway company for loss of grain delivered to it for transportation is expressly restricted to the consignee, his heirs or assigns, is cited. The expression in the opinion that the only persons authorized to maintain the action were the consignees is called to our attention, but both the decision and the expression had reference to an action brought against the railway company and not against the consignor. *Harold v. Railway Co.,* 93 Kan. 456, 144 Pac. 823, relied on as final and plenary authority, was also a case brought against the carrier and not against the shipper.

Doubtless the buyer could have sued the railway company in this case; but no reason is apparent why he might not with equal propriety sue the seller as he did. The statute in question adds to but does not detract from the rights of the buyer in respect to an action for shortage.

The alleged wrongfulness of the garnishment is founded on the fact that in the affidavit it was stated, not as the statute provides, that the defendant had no property liable to execution sufficient to satisfy the plaintiff's demand, while it had sufficient property in Shawnee county. It is plausibly and

forcibly argued that if the defendant had sufficient property in an adjoining county subject to execution it should not be subjected to garnishment in this county.

This interesting point need not be passed upon for the reason that instead of making this contention at the right time and in the right court the defendant appeared voluntarily and gave bond which released the wheat. Having therefore treated the affidavit as sufficient instead of assailing it for noncompliance with the statute it is too late for the defendant to attack it now. (6 C. J. 338.)

The plaintiff was entitled to his $60.90. The defendant is not entitled to the $59. There were other items involved in the case of which no complaint is made.

The cause is remanded with directions to modify the judgment allowing the plaintiff's claim for $60.90 and disallowing the defendant's claim for $59.