No. 22,704.

C. E. Sissell, *Appellee*, v. Dell W. Hubbard et al. (The Sihler Serum Company, *Appellant*).

### SYLLABUS BY THE COURT.

Action Against Corporation — *Corporation Dissolved After Issues Joined — Corporation Ceased to Exist — Right of Plaintiff to Proceed Against Successor in Interest.* Where a corporation is dissolved after the issues in an action against it have been made up, and before trial, and a corporation which succeeded to its rights and liabilities conducts the defense from that point without disclosing to the court or the plaintiff the fact of such dissolution or the existence of a new corporation until after a verdict has been returned against the plaintiff and a judgment rendered thereon, the court has authority at the same term to set aside the proceedings subsequent to the time the original defendant ceased to exist and require the action to proceed from that point as one against the new corporation.

Appeal from Republic district court; John C. Hogin, judge. Opinion filed December 11, 1920. Affirmed.

*O. L. Miller,* of Kansas City, *W. D. Vance,* and *R. E. McTaggart,* both of Belleville, for the appellant.

*Nelson J. Ward,* and *John F. McClure,* both of Belleville, for the appellee.

The opinion of the court was delivered by

Mason, J.: On April 19, 1918, C. E. Sissell brought an action against the Sihler Hog Cholera Serum Company, a Kansas corporation, on account of the death of a number of hogs, alleged to have been due to its negligence in administering cholera serum. A trial was had and on May 18, 1919, a verdict

was returned in favor of the defendant, on which judgment was rendered.   A motion for a new trial was overruled two days later.   On July 13, 1919, the plaintiff moved to set aside the judgment on the ground that on July 27, 1918, the corporation had been dissolved in accordance with the statute (Gen. Stat. 1915, § 2181), and that inasmuch as no revivor had been had all proceedings in the case after that date were wholly void.   This motion was sustained July 25, 1919, and the correctness of that ruling is the principal question involved in this appeal.   Thereafter, but on the same day, the action on motion of the plaintiff was revived in the name of the Sihler Serum Company, a Missouri corporation, as the successor of the original defendant.   On the next day a motion of the new corporation to be substituted for the original defendant (with the obvious purpose of preserving the judgment against the plaintiff) was heard and denied.   The new corporation appeals from all the orders mentioned.   It is agreed that the Missouri corporation is made up of the same stockholders as the Kansas corporation, owns its property and business, is liable for its obligations, and is its successor.

There is an obvious analogy between a judgment against a corporation which has dissolved and one against a person who is dead.   There is a difference of judicial opinion as to whether a judgment rendered against a person who has died during the pendency of the case is void or merely erroneous.   (15 R. C. L. 618.)   In this state, however, the view has been definitely adopted that it is a nullity.   (*Kager v. Vickery,* 61 Kan. 342, 59 Pac. 1114.)   The usual rule is that upon the dissolution of a corporation it ceases to exist as a legal entity and a pending action against it thereupon abates (1 C. J. 134; 10 Cyc. 1316), any action of the court in attempting thereafter to render judgment being wholly without effect.   (7 R. C. L. 739.)   Where a corporation was consolidated with another during the pendency of an action against it this court said:

"On May 31, 1886, when the Kansas, Oklahoma & Texas Railway Company consolidated with the other railway companies, it ceased to exist as a corporation. . . .   And everything that has since transpired upon the basis of the aforesaid railway company's being a corporation—indeed, everything that has transpired in this case since May 31, 1886, is void." (*K. O. & T. Rly. Co v. Smith,* 40 Kan. 192, 193, 19 Pac. 636.)

Against the plaintiff's contention that for the reasons indicated the judgment against him was void, the new corporation offers an argument which may be thus summarized: The Missouri corporation was created July 8, 1918, and was the successor of the Kansas corporation.. After July 27, 1918 (when the dissolution became effective), the defense in the action was conducted by the new corporation, although in the name of the original defendant. The case was fairly tried and the result was in no way affected by the change. No good purpose would be served by requiring the machinery of the court to be again put in motion and required to perform again the work it has already accomplished. If the judgment had been in favor of the plaintiff the lack of a formal revivor would not have enabled the new corporation to make a successful resistance to its enforcement; therefore the judgment actually rendered could not have been absolutely void.

As we view the matter this reasoning is unsound because it takes no note of the fact that the new corporation did not in any way bring to the attention of the plaintiff or the trial court the dissolution of the old corporation until the verdict had been returned and a judgment rendered upon it. However fair its actual purpose may have been its overt acts were entirely consistent with a design to await the result and try to uphold the verdict if favorable, but otherwise to take the position that it was either a mere nullity or binding only upon the original corporation. The declarations made by the new corporation after judgment had been rendered in its favor show facts sufficient to render it liable for any obligations of its predecessor, and to preclude it from claiming that the action had abated. But there is nothing in the record to indicate affirmatively that if the verdict had been for the plaintiff the new corporation would have admitted its successorship or its participation in the trial. For anything that is made to appear it might in that case either have contested these matters or have remained passive and required the plaintiff to prove them if he could. The situation now presented is strongly suggestive of an attempt of the new corporation to derive an advantage to itself from the fact that its own conduct was such as to have prevented it from raising any objection based on the want of a revivor. The plaintiff naturally supposed that he was trying the case with the original defendant as his opponent. It now

Sissell v. Serum Co.

develops that the old corporation had ceased to exist and the defense was conducted in its name by the new one; but neither the plaintiff nor the trial court knew anything of this at the time. We think the failure of the present corporation to disclose the change that had taken place until the verdict in its favor made that course to its interest is a sufficient reason for refusing to give effect to the proceedings subsequent to the dissolution of the Kansas corporation. We consider it fair to regard the appellant as having become a participant in the litigation in its own behalf, not from the time when it knew itself to be so engaged, but only from the time when it made that attitude known to others.

The appellant suggests that the plaintiff had taken an appeal from the judgment against him before the trial court set it aside. The abstract does not show such an appeal, and no papers relating to it were ever filed in this court. But its existence would not have prevented the further orders of the district court, because they were made at the same term at which the trial took place. (*The State v. Langmade,* 101 Kan. 814, 168 Pac. 847.) A question is raised as to the procedure by which the plaintiff challenged the validity of the judgment against him—the filing of a motion to set it aside. If the judgment was void this was a manner of attack specifically provided by statute. (Civ. Code, § 598, Gen. Stat. 1915, § 7502.) Even if the judgment was not an absolute nullity it was clearly irregular and erroneous. The error was not of the kind required to be raised by a motion for a new trial, for it related to a matter that had not been and could not have been previously ruled upon. No reason is apparent why the trial court might not recall the steps erroneously taken, by an order made at the same term, upon the matter being for the first time brought to its notice.

It being determined that the judgment against the plaintiff was properly vacated it follows that the trial court committed no error in making an order of revivor that permitted the action to proceed as one against the new corporation from the point at which abatement resulted from the dissolution of the original defendant, rather than an order substituting the new corporation for the old in such manner as to preserve the effect of the verdict that had been returned.

The judgment is affirmed.