No. 25,606.

HARPER BAKER, *Appellee*, v. J. W. CRAIG et al., *Appellants.*

SYLLABUS BY THE COURT.

JURISDICTION—*Reference—Power of District Court Over Reports of Referee at One and the Same Term.* At one and the same term of court a district court may approve or modify a report of a referee, may rerefer the matter, and upon a second report being filed may again refer the matter to the referee.

Appeal from Butler district court, division No. 1; ALLISON T. AYRES, judge. Opinion filed January 10, 1925. Affirmed.

*E. W. Grant,* of El Dorado, *George Gardner,* and *Warren Wattles,* both of Wichita, for the appellants.

*N. A. Yeager, R. A. Cox,* both of Augusta, *T. C. Forbes,* and *F. S. Jackson,* both of Topeka, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendants appeal from the following order made on the hearing of a motion for a new trial:

"1. The case is hereby rereferred to the master with specific directions to him to hear and consider further testimony from either or both of the parties hereto relative to the cost and expense of the drilling of what is known as Stout well No. 2, being the first well drilled with the second string of tools, and to ascertain what the actual cost of said well was and to amend his finding herein in conformity with whatever shall be shown to be the cost thereof.

"2. The court, not being satisfied with the conclusion of the master relative to the twenty-two days on Stout No. 4, directs the master to make a further report thereon, and in doing so to hear and consider other testimony relative thereto if he desires, it being the conclusion of the court that plaintiff should, unless there is good reason to the contrary, recover whatever actual outlay he was occasioned by reason of that twenty-two days' delay, and if there is good reason to the contrary to report such reason."

The plaintiff sued to recover $18,714.50 on account of work which he performed for the defendant in drilling oil and gas wells in Butler county. A referee was appointed to take the testimony and report findings of fact and conclusions of law. Testimony was taken and findings of fact and conclusions of law were reported by the referee. On a motion to confirm the report, it was ordered by the court and agreed to by the attorneys for the parties that the matter of passing on the motion to confirm the referee's report be considered at a future date to be agreed upon, and be passed on by the referee, whose

ruling on the motion should be of the same validity and effect as though made by the court. Later the referee modified his findings and made an additional report and rendered judgment in favor of the plaintiff. Within three days thereafter a motion for a new trial was filed by the plaintiff. On that motion the order appealed from was made.

To show the dates on which these several things occurred we quote from the appellants' brief:

"Chronologically, the following are the events necessary to have in mind:
"June 27, 1923, report of referee filed.

"June 30, 1923, motion by appellants to confirm report of referee.

"June 30, 1923, limited hearing on motion to confirm report.

"July 25, 1923, appellee files motion to correct and modify findings of fact and conclusions of law.

"July 25, 1923, confirmation of referee's report, and judgment rendered.

"July 27, 1923, motion for a new trial filed by appellee."

The order appealed from was made on October 17, 1923.

The defendants argue that the plaintiff should have moved for a new trial within three days after the first report of the referee was filed, which was on June 27, 1923. If that had been the final and only report made by the referee the contention of the defendant would have merit, but on the motion to confirm that report there was another submission to the referee, and on a second report being made and the attention of the court being called thereto by a motion for a new trial, another submission to the referee was made, from which submission this appeal is taken.

By section 20-1013 of the Revised Statutes, the district court of Butler county begins on the first Monday in March, and the second Monday in June and November. All the matters on which the complaint of the defendants is based occurred at the June, 1923, term of the district court of that county. Three times the court submitted this matter to the referee. Until the final report of the referee had been made the time for filing a motion for a new trial had not become definitely fixed, although it would have been proper to have filed such a motion within three days after each report was filed. This court has said that during the term at which a cause is tried the trial court has control over any judgment rendered by him and may modify or change the same. (*Salt Co. v. Baldridge,* 53 Kan. 522, 36 Pac. 1005; *Railway Co. v. Berry,* 79 Kan. 19, 98 Kan. 204; *Spottsville v. Cement Co.,* 94 Kan. 258, 146 Pac. 356; *The State, ex rel., v. Langmade,* 101 Kan. 814, 168 Pac. 847; *Karr v. Moffett,* 105

Kan. 692, 694, 185 Pac. 890; *Moore v. McPherson*, 106 Kan. 268, 274, 187 Pac. 884; *Sissell v. Serum Co.*, 108 Kan. 52, 55, 194 Pac. 311.) The present case comes within that rule. The district court had authority to refer the matter in controversy to a referee, and on a report being made to again refer the matter to him, and upon a second report being made to again refer the matter with or without a motion or application therefor.

No error has been shown; the judgment is affirmed.