No. 28,556.

HARPER BAKER, *Appellant*, v. J. W. CRAIG et al., Partners, doing business as THE WIZARD OIL COMPANY, *Appellees*.

(280 Pac. 771.)

Opinion on rehearing filed October 5, 1929. (For original opinion of affirmance see 127 Kan. 811, 275 Pac. 216.)

*F. S. Jackson, Thomas C. Forbes* and *James E. Smith*, all of Topeka, for the appellant.

*Robert C. Foulston, Lester L. Morris, P. D. Gardiner, O. W. Helsel, James A. Conly* and *George W. Gardner*, all of Wichita, for the appellees.

The opinion of the court was delivered by

HUTCHISON, J.: This case is before us on a rehearing granted as to one feature only, viz., the sufficiency of the petition against a demurrer as to the right to recover damages either for breach of contract or in tort for conversion and detention of personal property for a period of about two hundred days between the date of the dissolution of an injunction and the date of judgment in the mechanic's-lien action, during which time it is alleged the property remained in the possession of the defendant. The judgment of the trial court sustaining the demurrer was affirmed by this court. (*Baker v. Craig,* 127 Kan. 811, 275 Pac. 216.)

The petition contained three counts for the recovery of damages for the wrongful conversion and detention of personal property, the first upon the breach of an oral contract, the second in tort and the third for malicious prosecution. The petition states that an injunction had been secured by the defendants a few days after they had deprived the plaintiff of the possession of the property in question, which property was later held by the court to belong to the plaintiff. It further states that recovery was had upon the injunction bond, but the property was detained and wrongfully withheld from the plaintiff about two hundred days after the dissolution of the injunction; to be exact, from November 20, 1926, to June 13, 1927. It was held by this court that "an injunction bond given under our statute is intended to cover all the damages the party restrained may sustain by reason of the order being wrongfully procured, except such as are the result of malice and want of probable cause" (syl. ¶ 1) ; and also that the action for malicious prosecution was barred by the statute of limitations. In the opinion it was stated that the injunction bond did not cover damages incurred after the dismissal of the injunction suit, but that this short period was not specifically covered by the pleadings to entitle plaintiff to maintain his action under the first and second counts of his petition for damages for this short period separate and apart from the entire period. Perhaps the continuing feature of the unlawful conversion and wrongful detention alleged in the petition was not given the full force to which it was entitled. No separate and specific allegation of such was made as to this short period, and no allegation of such wrongful detention as being renewed after the injunction was dissolved, except that it continued until June 13, 1927.

Among the allegations in the first count are the following:

"That plaintiff was, in violation of the terms of said oral contract, kept out of the possession of said tools all of said time, and was prevented by the filing of said answer and cross petition in said suit by the defendant from bringing suit to recover possession of said tools during all of said time and up to the said 13th day of June, 1927, for the reason that the title of said drilling tools was in controversy in the suits then pending.

.    .    .    .    .    .    .    .    .    .    .    .    .    .

"That plaintiff has been deprived of the use of said tools during all of said time from the filing of said answer in the suit in Butler county, Kansas. [October 12, 1921] until and including June 13, 1927, or a total of 2,000 [200] days, during which time plaintiff was able to find use and employment for said tools and that their use is reasonably worth the sum of $100 per day."

And among those in the second count are the following:

"The defendants in disregard of their said legal duty, and the rights of the plaintiff, unlawfully detained said drilling tools and property and kept the plaintiff out· of the possession of the same from the said June 1, 1921, until the said June 13, 1927.

.    .    .    .    .    .    .    .    .    .    .    .    .    .

"That the defendants refused to deliver said drilling tools to the plaintiff upon his oral demand therefor made on about the said June 1, 1921.

.    .    .    .    .    .    .    .    .    .    .    .    .    .

"That plaintiff has been deprived of the use of·said tools during all of said time from the filing of said answer in the suit in Butler county, Kansas, until and including June 13, 1927."

There can be no question as to this language being broad enough to include the time after the dissolution of the injunction as well as the time prior thereto. They are allegations of conversion in June, 1921, and of wrongful detention continuously since that time. Conversion, strictly speaking, is an act which usually occurs only once in a given transaction. If the conversion were the entire and complete wrong done either in breach of contract or in tort, that could be remedied, except perhaps for nominal damages, by immediate return of the property to the owner. But the serious wrong is in the unlawful detention of such property and depriving the owner of the lawful use thereof. The allegations cover this continuing situation during the entire period until the property was returned to the plaintiff on June 13, 1927.

We said in the opinion that the defense in an independent action like the mechanic's-lien suit would not toll the running of the statute of limitations, but the rule is different with injunction, which prevents the plaintiff from interfering in any way with the posses-

sion of the defendants. This action for damages was not commenced and could not properly have been brought until the injunction had been dissolved. That was the date from which we computed the time for the limitation in the malicious prosecution count and is the proper date from which the limitation should commence to run in the first and second counts for damages, if any, for a period outside of that covered by the injunction bond.

"Where a person is prevented from exercising his legal remedy by the pendency of legal proceedings, the time during which he is thus prevented should not be counted against him in determining whether limitations have barred his right." (37 C. J. 1039. See, also, *City of Hutchinson v. Hutchinson,* 92 Kan. 518, 141 Pac. 589; *Campbell v. Durant,* 110 Kan. 30, 202 Pac. 841.)

It is urged that this action as far as it applies to the two-hundred-day period is an action of detinue and not of conversion, and that the petition contains no appropriate allegations for such an action. In Kansas we have the replevin statute, which practically takes the place of the old common-law forms of actions of detinue, trover and conversion, and while the old forms still exist and can be used and followed, the statutory replevin has served to extinguish and almost entirely wipe out the technical distinctions as to their use and application. The modern definitions of these formerly very distinct remedies now overlap, and while we think of detinue as applying to the wrong of detention with an original lawful possession, as distinguished from conversion with a wrongful taking as a single original act, we find such distinction does not now maintain and each of these terms now contain distinctive elements of the other.

"Detinue is a common-law action which lies for the recovery of personal chattels, in specie, or their value if they cannot be had, from one who acquired possession of them lawfully, but retains them without right, together with the damages for the wrongful detention. Under the almost universal modern rule, however, the action will lie not only where the original taking was lawful, but also where it was tortious." (18 C. J. 990.)

"A mere detention of another's chattels which rightfully came into one's possession is not an actionable conversion. If, however, the detention be based on a negation of the owner's right, or be accompanied by an intent to convert the property to the holder's own use, a right of action for conversion will arise." (38 Cyc. 2028.)

"The essence of conversion is not acquisition of property by the wrongdoer, but a wrongful deprivation of it to the owner; . . . Acts of conversion have been classified as follows: (1) A taking from the owner without his consent; (2) an unwarranted assumption of ownership; (3) an illegal use or abuse

of the chattel; and (4) a wrongful detention after demand." (38 Cyc. 2007, 2009.)

In the original opinion it was said:

"The allegations do not show any demand or attempt to get possession of them during that period." (*Baker v. Craig*, 127 Kan. 811, 816, 275 Pac. 216.)

The expression was not intended to imply that an actual demand was necessary, but only to emphasize the fact that nothing new of any kind was alleged to have been done or attempted during that short period of two hundred days.

Appellees contend that since the so-called mechanic's-lien action determined the right of possession as would have been done in a replevin action then the damage matter here involved is *res adjudicata* for the reason that in a replevin action a claim for damages for wrongful detention could be heard and determined in connection with the question of the right of property and right of possession, and what could have been considered is held as having been considered and determined. We cannot accept the application of this well-recognized rule to the so-called mechanic's-lien case. The pleadings in that case apparently did not pass through any technical scrutiny. It certainly was not, strictly speaking, a mechanic's-lien case. Both sides recognized it as one for an accounting and determining the right to the possession of property, and they abided by the result reached by the trial court even to the division of costs. But we think it would be a very strained construction to imply that it necessarily included in it the element of damages for wrongful detention.

We conclude that the allegations of the first and second counts of the amended petition are sufficient to support claims of damages from the defendants covering the period of two hundred days after the dissolution of the injunction, and that the demurrer to these two counts of the amended petition should be overruled as far as they apply to that limited period of time. The former decision affirming the ruling of the trial court will be set aside as far as it applies to the period of two hundred days after the dissolution of the injunction under the first and second counts of the amended petition, and the demurrer to the first and second counts of the amended petition will be overruled as far as they apply to the period after the dissolution of the injunction.

HARVEY, J., dissenting.