No. 30,311.

HARPER BAKER, *Appellant,* v. J. W. CRAIG et al., *Appellees.*

(10 P. 2d 838.)

Opinion filed May 7, 1932.

*James E. Smith, S. W. Jackson,* both of Topeka, *Thomas C. Forbes* and *Carl C. Chase,* both of Eureka, for the appellant.

*Robert C. Foulston, George Siefkin, Lester L. Morris, O. W. Helsel,* all of Wichita, and *J. N. Tincher,* of Hutchinson, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This case involves the conversion and detention of drilling tools for a period of 200 days, for which damages were asked by Harper Baker against J. W. Craig and others. It is the fourth time this case has been brought to the attention of this court. Reference is made for the early history of the litigation to *Baker v. Craig,* 127 Kan. 811, 275 Pac. 216; *Baker v. Craig,* 128 Kan. 676, 280 Pac. 771, and *Baker v. Craig,* 117 Kan. 491, 232 Pac. 248.

It appears that the original action was brought by plaintiff in three counts, one to recover damages for the breach of an oral contract relating to the conversion and deprivation of the use of well-drilling tools; another count set up the same facts, alleging a tort and asking a recovery of damages, and a third count was for the malicious prosecution of an action involving the same subject matter.

While damages were asked for the same amount in each count, it is evident that all related to the same general matter and probably only one recovery was sought. Involved in the case was an injunction proceeding and the amount recovered on an injunction bond, and also a proceeding on a mechanic's lien. (*Baker v. Craig,* 117 Kan. 491, 232 Pac. 248.) In this action the court held that plaintiff had not shown a right of recovery on any one of the three counts in his petition, and sustained a demurrer to his pleading. That judgment

was first affirmed by this court. (*Baker v. Craig*, 127 Kan. 811, 275 Pac. 216.) Plaintiff then filed a motion for a rehearing which was allowed in part, and it was then adjudged that the demurrer should be overruled as to damages for the limited period of 200 days after the injunction was dissolved.

The only matter involved in this case is whether plaintiff was entitled to damages for the detention of the tools for the 200 days after the dissolution of the injunction. No demand was made for the tools after the injunction was dissolved, nor did plaintiff show that defendants were in possession of them after that time. A demand for the tools had been made when the original action was commenced in 1926, and it is the contention of plaintiff that another demand was unnecessary, while the defendants' contention is that the adjudication in the injunction proceeding operated to restore the tools to plaintiff and that a demand was necessary to recover damages for the limited period of 200 days. After the decision in this court overruling the demurrer as to the 200-day period, the plaintiff filed a third amended petition setting out the proceedings in the earlier litigation, the oral demand for the tools in 1926, in the loss suffered in being kept out of possession as well as the depreciation in value of the tools. The several defendants filed answers which consisted of general denials and the bar of the statute of limitations.

At the trial plaintiff introduced evidence as to the prior litigation, including exhibits of the pleadings and proceedings in the former litigation. Plaintiff testified as to the purchase and use of the tools; that he had never instructed one Hughes, or anyone else, to take possession of them for him and did not even know that Hughes had them. He said he found that some of them had been moved away from the lease and others remained there. He did know that part of the tools had been moved to another place and saw them there, and stated that the reasonable amount for the use of such tools would be $100 per day. Further that the tools would depreciate in value to the extent of forty to fifty per cent. Other testimony was given as to the reasonable earning value of a string of tools. The plaintiff admitted that he recovered judgment on the injunction bond in the sum of $5,000, which was paid by the defendants.

Defendants demurred to the evidence on the ground that the same did not prove a cause of action in favor of the plaintiff against any of the defendants. First, that there was a lack of demand and proof

of possession and of detention of the tools in question by the defendants, and also a failure on the part of plaintiff to do anything to prevent the loss sued for or to comply with the law on the part of the plaintiff which would entitle him to recover damages in this case. The court sustained the demurrers and entered judgment for the defendants.

There had been a controversy between the parties as to the ownership of the tools, the defendants claiming that they had advanced money for the purchase of them, and the plaintiff claiming that he had acquired ownership by his work on the lease as provided in the drilling contract. The tools were in use by the plaintiff on the lease when the injunction action mentioned was brought by defendants to prevent the moving and disposition of the tools by plaintiff, which resulted as stated in a dismissal and dissolution. Then the action of plaintiff for damages was tried and determined as already set forth. The judgment of the district court was affirmed except as to the 200-day period.

Because of some general allegations as to the conversion and detention of the tools by defendants for the period of 200 days after the dissolution of the injunction, a rehearing was granted and a retrial allowed as to whether plaintiff was entitled to damages for that period. It was determined that prior to that specific period plaintiff had failed to show a ground of recovery for conversion or detention. The charge of wrongful detention during the 200-day period set forth by plaintiff in his amended petition stands apart as an alleged cause of action, and it devolved on plaintiff to show wrongful possession and detention during this limited period, including a demand and refusal of defendants to surrender a possession they actually had. No demand for possession was shown as applied to this period, but plaintiff alleged in his amended petition that he had made an oral demand sometime before November 20, 1926, but at the last trial, when the question of demand was raised, counsel for plaintiff stated in open court: "There is no attempt to show any demand. We did not know anything about the tools. We did not know anything about them, where they were or anything about them during that period." The plaintiff claimed that an oral demand had been made earlier and prior to the time the injunction was dismissed and dissolved, which occurred on November 26, 1926, and he claims that that demand was still operating; that a further

demand would have been useless and is not required by law where there is a forceful conversion. The question whether there was a conversion and unlawful detention for the limited period was up for trial; whether defendants had possession of the tools and whether plaintiff had taken the requisite steps to recover possession from defendants. As to possession plaintiff had alleged that up to the injunction order he had possession of the tools and in his testimony showed that he even used the tools after the order was served on him, and further that he took about two loads of tools to Douglas prior to the service of the injunction upon him. His testimony shows that the lease was sold by defendants sometime in 1922 or 1923, and that he was out there after the defendants parted with possession of the lease and at that time the tools were on the lease. There was testimony by him that tools were moved up to Magnus City for awhile sometime in 1923, after the lease was sold by defendants, but that he did not authorize anyone to move the same, nor had he moved them himself. After the injunction was dismissed what was there to prevent plaintiff from taking possession? The judgment dissolving the temporary injunction operated to lift the restriction and leave the parties as they were when the action was begun, and defendants insist that the "general effect of the dissolution of a temporary injunction is merely to put the parties in the same position in which they were prior to the granting of the injunction." (32 C. J. 429.)

The tools were on the lease where they were when the injunction was issued. Plaintiff was then at liberty to resume the possession of them on the lease where he had used them and presumably where he could have found them. If defendants had taken possession and were withholding them or had done something that prevented plaintiff from taking them into possession, or of interfering with their use by plaintiff, a different question would arise, and even in such a case it would have been incumbent on plaintiff to prove such withholding or interference. Here the plaintiff failed in his proof. There was no proof that defendants had possession of the tools during the period or were wrongfully interfering with plaintiff's right to possession of them. The claim of conversion and detention and for damages up to the 200-day period had been determined adversely to plaintiff, and when he asked damages for conversion and detention for the segregated period, it became necessary for him to es-

tablish that defendants had possession and were unlawfully detaining the tools. The fact that defendants had brought the injunction proceeding which was dismissed cannot, under the circumstances, be regarded as proof of wrongful detention.

Our conclusion is that the plaintiff's evidence failed to prove essential facts in the case or establish a right of recovery in him.

The judgment is affirmed.