No. 33,380

Jesse L. Bowles, Administrator of the Estate of Wanda Bowles, Deceased, *Appellant*, v. A. H. Portelance, *Appellee*.

(67 P. 2d 419)

Opinion filed May 8, 1937.

*L. M. Kagey,* of Wichita, for the appellant.

*T. M. Lillard, O. B. Eidson, P. H. Lewis,* all of Topeka, and *A. K. Stavely,* of Lyndon, for the appellee.

The opinion of the court was delivered by

Smith, J.: This was an action for damages brought under the wrongful-death statute, G. S. 1935, 60-3203. Judgment was for the defendant, sustaining a demurrer to petition of plaintiff. Plaintiff appeals.

This action was filed on or about August 24, 1936. Deceased died on the 9th day of August, 1933. The question in the case is whether the action was commenced in time.

It is apparent that it was not commenced within two years of the date of the death of deceased, but circumstances were pleaded in the petition which plaintiff claims take this case out from under the limitation of two years provided in that statute. These circumstances are that an action was filed by the plaintiff on the 12th day of July, 1935, in the district court of Osage county, Kansas, about a year and eleven months after the death of deceased. At the time that action was pending there was another action pending in the federal court involving the same state of facts. This action in the federal court had been dismissed, but the court had not entered an order dismissing it and the district court of Osage county sustained a plea in abatement in the action pending before it on account of the action pending in the federal court. It is pleaded in the petition in this case that this caused the action in Osage county, Kansas, to fail otherwise than upon its merits. These facts are pleaded in the

petition with the intention of bringing the action under the provisions of G. S. 1935, 60-311, which are as follows:

"If any action be commenced within due time, and a judgment thereon for the plaintiff be reversed, or if the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or, if he die, and the cause of action survive, his representatives, may commence a new action within one year after the reversal or failure."

It will be noted that G. S. 1935, 60-3203, provides as follows:

"When the death of one is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter, if the former might have maintained an action had he lived, against the latter for an injury for the same act or omission. The action must be commenced within two years. The damages cannot exceed ten thousand dollars, and must inure to the exclusive benefit of the widow and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased."

This statute provides that the action must be commenced within two years from the date of death of deceased.

Since this is a right of action that did not exist at common law this court has held that the limitation of two years prescribed in the act within which such action must be commenced is a condition imposed upon the exercise of the right of action granted and this time is not extended by the pendency and dismissal of a former action. (See *Rodman v. Railway Co.*, 65 Kan. 645, 70 Pac. 642.)

Counsel for the plaintiff frankly admit that the above was the holding in the Rodman case, and that the case is in point here, but urge that the Rodman case should be overruled. We have examined the question presented and find that the Rodman case has been approved by many subsequent decisions of this court. (See *Weber v. Railway Co.*, 69 Kan. 611, 77 Pac. 533; *Medill v. Snyder*, 71 Kan. 590, 81 Pac. 216; *Swisher v. Railway Co.*, 76 Kan. 97, 90 Pac. 812; *Harwood v. Railway Co.*, 101 Kan. 215, 171 Pac. 354; *Jackson v. Oil & Gas Co.*, 115 Kan. 386, 222 Pac. 1114; *Baker v. Craig*, 127 Kan. 811, 275 Pac. 216.) (See, also, 67 A. L. R. 1070.)

After careful consideration we have reached the conclusion that the court should adhere to the rule announced in the case of *Rodman v. Railway Co.*, supra.

The judgment of the trial court is affirmed.