No. 34,404

S. H. KRESS AND COMPANY, INC., *Appellant*, v. THE STATE TAX COMMISSION, ETC., *Appellee*.

(95 P. 2d 529)

Opinion filed November 10, 1939.

*Ellis D. Bever* and *T. D. Mustard*, both of Wichita, for the appellant.

*John K. Speck*, of Topeka, *Vernon C. Rosenstahl*, of Parsons, *Frank G. Theis*, of Arkansas City, and *John D. Dye*, of Ottawa, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This appeal involves the question of the authority of the state tax commission to make an assessment of income taxes on November 20, 1937, of income for the year 1933.

The S. H. Kress and Company, hereinafter called the taxpayer, is

a Colorado corporation authorized to do business in this state, and engaged in the mercantile business. On April 12, 1934, it filed its income-tax return for the calendar year 1933 and paid the taxes shown thereby. On November 29, 1936, it filed an amended return showing an additional tax, which was paid, and on February 13, 1937, the tax commission assessed an additional tax for interest as shown by the amended return, and this was paid. There is no controversy now about any of these assessments or payments.

After an audit of the books of the taxpayer, and on November 20, 1937, the tax commission assessed an additional tax for the year 1933 for a sum which, after a hearing, and on June 28, 1938, was reduced to $1,025.71, and the tax commission issued its order requiring that sum to be paid. The taxpayer appealed to the district court, where it was stipulated that the sum last determined should be paid if the assessment was made within the time authorized by statute, but if the assessment had not been so made then the tax should not be paid. The trial court ruled the assessment was made in time. The taxpayer has appealed.

Our first income-tax statute was enacted in 1933 (Laws 1933, ch. 320). It contained forty sections, which became sections 79-3201 to 79-3240 of the 1933 Supplement to our Revised Statutes of 1923. By its terms it applied to incomes for the calendar year 1933 and subsequently. By section 21 of the act the taxpayer was required to file his return on or before the fifteenth day of the fourth month following the close of the taxable year, unless the tax commission, under its rules and regulations, should grant a reasonable extension of the time, and section 30 of the act (R. S. 1933 Supp. 79-3230) read:

"(a) The amount of income taxes imposed by this act shall be assessed within three years after the return was filed, and no proceedings in court for the collection of such taxes shall be begun after the expiration of such period. (b) In the case of a false or fraudulent return with intent to evade tax or of a failure to file a return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun at any time within three years from the time of filing or failure to file said return. (c) No refund or credit shall be allowed by the tax commission after three years from the date of payment of the tax as provided in this act unless before the expiration of such period a claim therefor is filed by the taxpayer. (d) In case a taxpayer has made claim for a refund, he shall have the right to commence a suit for the recovery of the same at the expiration of six months after the filing of his claim for refund, or within sixty days after notice has been mailed to him, as herein provided, that his claim for refund has been disallowed by the commission."

In 1935 the legislature passed an act (Laws 1935, ch. 312) entitled:

"AN ACT relating to income taxes, amending sections 79-3205, 79-3206, 79-3207, 79-3209, 79-3210, 79-3212, 79-3213, 79-3215, 79-3216, 79-3220, 79-3230 and 79-3234 of the Revised Statutes Supplement of 1933, and repealing said original sections."

Section 1 of the act reads:

"That the provisions of this act shall apply only to taxable years beginning after December 31, 1933."

Sections 2 to 13, inclusive, specifically amended the sections of the 1933 act referred to in the title. Section 12 specifically amended section 30 of the 1933 act by changing the word "three" in the second line to "four," so that the first sentence read:

"The amount of income taxes imposed by this act shall be assessed within four years after the return was filed, and no proceedings in court for the collection of such taxes shall be begun after the expiration of such period."

That was the only amendment made in that section; otherwise it was reënacted in the same wording as it appeared in the 1933 act. Sections 14 and 15 read:

"SEC. 14. That original sections 79-3205, 79-3206, 79-3207, 79-3209, 79-3210, 79-3212, 79-3213, 79-3215, 79-3216, 79-3220, 79-3230 and 79-3234 of the Revised Statutes Supplement of 1933, be and the same are hereby repealed.

"SEC. 15. This act shall take effect and be in force from and after its publication in the official state paper."

The tax commission contends that since the enactment of chapter 312, Laws 1935, which by section 14 specifically repealed section 30 of the 1933 act, there is no statute which fixes any limit of time for making an income-tax assessment for the year 1933. The trial court took this view. We are convinced it is erroneous. Section 1 of the 1935 act cannot be said to apply to all of the provisions of the act except section 14. The legislature has seen fit to say that the entire act shall apply only to the taxable years beginning after December 31, 1933. We see no reason why this declaration should not apply to section 14 as well as to any other sections of the act.

Counsel speak of the time within which the tax commission must make an assessment as a statute of limitations. More accurately, it is a condition under which the state is authorized to collect the tax or to maintain an action therefor. Prior to 1933 we had no income-tax statute in this state. When the statute was enacted, as a condition for its collection, among other things, it was provided that

the tax must be assessed within three years after the return was filed. In this respect it is analogous to our wrongful-death statute. (G. S. 1935, 60-3203. See *Rodman v. Railway Co.*, 65 Kan. 645, syl. ¶ 2, 70 Pac. 642; *Bowles v. Portelance*, 145 Kan. 940, 67 P. 2d 419.)

If it were not for section 1 of the 1935 act the amendment and repeal of section 30 of the 1933 act would be construed in harmony with our statute (G. S. 1935, 77-201, first clause) for the construction of statutes. In such a situation it might with reason be argued that the effect of this would be that after the enactment of the 1935 act the tax commission would have had four years to make the assessment from the time a return was made for the 1933 income. However, this question is not before us, for this view is precluded by the declaration of the legislature in section 1 of the 1935 act.

In drafting our 1933 and subsequent income-tax statutes our legislature has taken the federal income-tax act and its amendments as a pattern, and has followed them in their general purpose and in many of their specific provisions. The amendments of the federal act each contain, in the first section, a declaration similar to the first section of our 1935 act, but with an added clause which makes it clear that the former statute applied to the taxes of the earlier years. This added clause was not used by our legislature, obviously with the thought that the meaning would be the same whether the added clause was used or not. We think the effect is the same. The result is the 1935 act had no effect upon taxes upon incomes for the year 1933. Any tax assessed by the tax commission on incomes for the year 1933 had to be assessed within three years after the return was filed. Otherwise it could not be collected. Here the return was made April 14, 1934. The tax sought to be collected was assessed November 20, 1937. We feel compelled to hold it cannot be collected.

The judgment of the court below is reversed with directions to enter judgment for appellant.