THE STATE BANK OF COMMERCE V. W. A. DODY *et al.*

No. 14,012. (79 Pac. 1092.)

SYLLABUS BY THE COURT.

SALE OF DISEASED CATTLE—*Liability of Vendor.* A state bank holding a bill of sale of cattle, as collateral security, that sells such cattle and guarantees that they are free from any disease is liable on such guaranty to the purchaser for all losses sustained resulting from an infectious disease with which the cattle were affected when sold.

Error from Marion district court; CHARLES B. GRAVES, judge *pro tem.* Opinion filed March 11, 1905. Affirmed.

*H. S. Martin,* for plaintiff in error.

*W. H. Carpenter,* for defendants in error.

The opinion of the court was delivered by

GREENE, J.: The plaintiff commenced this action to recover $1950, the balance alleged to be due on a promissory note executed by the defendants. The defendants pleaded five so-called defenses, which, however, contained only two defenses: (1) That the note was given to the bank in payment for cattle owned by it and purchased by the defendants from the bank; that the cattle were diseased when purchased, and the bank knew they were diseased; and that large numbers of the cattle died of such disease, to the damage of defendants, for which they ask judgment. (2) That the note in suit was given for money borrowed from the bank to purchase certain cattle, known as the Donaldson cattle, upon which the bank held a bill of sale as mortgagee to secure a large indebtedness of Donaldson to the bank; that the defendants refused to buy the cattle on the representation or guaranty of Donaldson that they were sound and healthy, but were willing to purchase on the guaranty of the bank that they were sound and free from any disease; that the bank did guarantee the cattle to be free from any contagious disease; that upon such guaranty they purchased the cattle and gave the note in suit to the bank for the money with which to pay the purchase-price; that the cattle were badly infected with a contagious disease, of which large numbers died, to the damage of defendants, for which they ask judgment. Judgment was for defendants.

The plaintiff assigns as error: (1) The overruling of its demurrer to the third, fourth and fifth defenses in defendants' answer; (2) in denying its motion for judgment on the special findings of the jury; (3) in denying its motion for a new trial; (4) in rendering judgment for the defendants.

The defendants adopted the vicious system in pleading of making their second cause of defense a

part of their third, fourth and fifth causes of defense. The plaintiff contented itself with this form of pleading and did not ask the court to make defendants conform their pleading to the code by separately stating and numbering each cause of defense. In the consideration of the demurrer to each of the three separate causes of defense the court was bound to consider the second cause of defense as a part of each. Thus supplemented, each stated a cause of defense and the demurrers were properly overruled.

The second contention is that the court should have rendered judgment for plaintiff on the special findings. The general verdict in this case answers all questions of fact for the defendants, except those specially found for plaintiff by the special findings. The jury specially found that the plaintiff was not the owner of the cattle when they were sold to defendants and had no interest therein except as a mortgagee. These findings sustained the contention of the plaintiff on that proposition. The other defenses, however, that the bank as mortgagee joined with Donaldson in the sale of the cattle, and as such mortgagee guaranteed them to be sound and in good health, is found by the general verdict to be true. There is nothing in the special findings inconsistent with or contradictory of this general finding. The court could not, therefore, have given judgment for plaintiff on the special findings. Upon this latter proposition, however, the plaintiff contends that there was no consideration for making such guaranty, and, if actually made for a sufficient consideration, a bank cannot be held on such a contract. When the defendants purchased the cattle of Donaldson and the bank, Donaldson was largely indebted to the bank. It held a bill of sale for these cattle as security for that debt. It appears from the evidence that Donaldson was a man without means; that he bought 1000 head of

cattle in Colorado, shipped them to Kansas, and that the bank had furnished all the money except $300.

A bank may loan money and take chattel-mortgage security therefor. It may, either before or after the maturity of the debt secured thereby, sell such property and apply the proceeds to the payment of the debt; or it may, for the purpose of getting more desirable security, with the consent of the mortgagor, sell the collateral at private sale, and in making such sale guarantee the title, quality, soundness or healthful condition of such security. If it gives such guaranty it will be held upon such contract as a natural person would be held. The interest that the bank had in the cattle was sufficient consideration for the making of the guaranty. Upon this defense the special findings of the jury were not contradicted by, or inconsistent with, the general verdict. This contention being supported by evidence, the defendants were entitled to a judgment on the verdict.

No special reasons are presented why the plaintiff should have had a new trial. The judgment is, therefore, affirmed.

All the Justices concurring.