W. A. DODY, *Appellant,* v. THE STATE BANK OF COMMERCE, *Appellee.*

No. 16,344.

#### SYLLABUS BY THE COURT.

DAMAGES—*Attachment of Money—Loss of Profits—Injury to Credit.* In an action to recover damages for the wrongful attachment of money and notes by way of garnishment, where there is no malice nor grounds for the recovery of exemplary damages, the measure of damages is interest on the money and notes during the time they were held under the garnishment process and the necessary expenses incurred in regaining possession of the property. Neither the loss of prospective profits in the general business of the owner because a part of his property was garnished nor injury to his credit are elements of damage.

Appeal from Marion district court; OSCAR L. MOORE, judge. Opinion filed May 7, 1910. Affirmed.

*W. H. Carpenter,* for the appellant.

*H. S. Martin,* for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action to recover damages for the. wrongful garnishment of the funds and property of appellant. It was alleged that the State Bank of Commerce filed an affidavit for attachment and caused a garnishment summons to be issued and served on the Marion State Bank, thus tying up a deposit of appellant in that bank, as well as two promissory notes, and that when certain checks on the deposit which came into the hands of the State Bank of Commerce prior to the garnishment proceeding were presented they were necessarily refused. It was alleged, too, that when the garnishment proceeding was tried the district court decided in favor of appellant, dissolving the garnishment, and that upon appeal this decision was affirmed. (*Bank v. Dody,* 71 Kan. 98.) In the present action the court instructed the jury that appellant was entitled to recover any damages necessarily incurred in releasing his property from the garnishment—that is, he could recover, first, his personal expenses, including the value of his time, if any had been proven; and, second, he could recover a reasonable attorney's fee incurred by him in securing the release of his property, and the necessary expenses of his attorney; and, third, he might recover the interest upon the money, as well as the value of the property impounded by the garnishment. In the findings the jury allowed him $245.35 as interest on the notes; $185.40 as interest on the money; and $80 as attorney's fees. Appellant, who was a country merchant and also engaged in the cattle business, insisted that he had sustained a loss of profits by reason of the wrongful garnishment, and also that his credit was impaired by the same cause, for both of which he was entitled to recover. The court, however, instructed the jury that these things were too remote, speculative and uncertain to form the basis of a recovery, and of this ruling complaint is made.

In this there was no error. No malice was shown, and there was no claim that appellant was entitled to exemplary damages. In the absence of malice appellant was entitled to the actual damages resulting from being dispossessed of his property during the time it was detained, together with the necessary expenses incurred in gaining possession of the same. As the money and notes were restored to him, the material injury suffered was the deprivation of their use while they were impounded by the garnishment. If there had been deterioration, a loss of part, or some special damage proximately and naturally resulting from the garnishment, this might have been recovered; but, in view of the character of the property and of the fact that all taken was recovered, the value of the use as well as the necessary expenses was a fair measure of damages. The injury to credit and the loss of profits in appellant's general business, alleged to have arisen from the tying up of some of his capital for a time, are collateral disadvantages and are too speculative and remote to afford a basis for assessing damages. While the authorities are not uniform, they are generally to the effect that the loss of prospective profits is not an element of damage in cases of this kind. In some instances, where the loss of profits is the direct and proximate result of a wrong, and it can be measured with certainty, it is allowed. For instance, in *Hoge v. Norton,* 22 Kan. 374, where a herd of cattle was wrongfully attached and placed in an inferior pasture and given improper care, which operated to prevent the ordinary increase in weight and value, and where the loss was the direct result of the wrong and was susceptible of reasonably certain measurement, it was held that the gains so prevented might be recovered. In somewhat similar cases the same measure has been employed. (*Brown v. Hadley,* 43 Kan. 267; *Enlow v. Hawkins,* 71 Kan. 633; *Gas Co. v. Bailey,* 77 Kan. 296.) Other cases furnish examples of losses of profits which were deemed to be too

remote, contingent and uncertain to warrant their allowance. (*M. K. & T. Rly. Co. v. City of Fort Scott,* 15 Kan. 435; *Walrath v. Whittekind,* 26 Kan. 482; *Harvester Works Co. v. Cummings,* 26 Kan. 367; *Gas Co. v. Glass Co.,* 56 Kan. 614; *States v. Durkin,* 65 Kan. 101; *Railway Co. v. Thomas,* 70 Kan. 409.)

The appellant was a merchant, and was also engaged in carrying on a farm as well as the cattle business. How far the detention of the money and notes may have lessened his profits as a merchant, farmer and stockman is largely a matter of conjecture. How much of the losses in his general business was attributable to a tying up of a part of his capital and how much to other causes would have taken the jury into the region of speculation. It is altogether too remote and uncertain to form a safe basis of recovery, and the same is true of the alleged injury to credit. (*Casper v. Klippen,* 61 Minn. 353; *Union National Bank of Chicago v. Cross and another,* 100 Wis. 174; *Myers v. Farrell,* 47 Miss. 281; *Trawick v. The Martin Brown Company,* 79 Tex. 461; *Mitchell v. Harcourt et al.,* 62 Iowa, 349; *Davidson v. Oberthier,* 42 Tex. Civ. App. 337; *Crymble v. Mulvaney,* 21 Colo. 203; 4 Sutherland Dam., 3d ed., § 1101; see, also, monographic note to *Tisdale v. Major,* 68 Am. St. Rep. 266, 272.)

The value of the use of the property may be recovered, and where, as here, it consisted of money and notes that were withheld from appellant, the interest thereon from the time they were detained under the garnishment is a fair measure of such value. Appellant invokes the rule of liability which is applied where a bank refuses to pay money to a depositor, but as appellant had no deposit with appellee that rule does not apply.

In its cross-petition in error appellee complains of a ruling of the trial court as to the allowance of attorney's fees, but as its proceeding was brought under the old code, and not within a year from the time the motion

for a new trial was denied and the final judgment rendered, this complaint is not open to our consideration.

The judgment of the district court is affirmed.

GRAVES, J., not sitting.