E. BAXTER, *Appellant,* v. C. O. F. BROWN *et al.,*
*Appellees.*

No. 16,617.

SYLLABUS BY THE COURT.

DAMAGES—*Expenses of Litigation Caused by a Malicious De-
fense.* In a civil action in which the defendant answers by a
general denial and verifies his answer, but asks no affirmative
relief, and judgment is finally rendered against him in the
action, he is not responsible in another action for damages
for expenses incurred in obtaining proof to sustain the al-
legations of the petition, although the defendant knew at the
time he answered that the allegations were true, and that his
verified denial would involve the plaintiff in considerable ex-
pense to establish the truth thereof.

Appeal from Marion district court. Opinion filed
November 5, 1910. Affirmed.

*L. F. Keller, E. Baxter, Joseph G. Waters,* and *John
C. Waters,* for the appellant.

*T. O. Kelley,* for the appellees.

The opinion of the court was delivered by

SMITH, J.: This case was brought by the appellant
against the appellees in the district court of Marion
county to recover damages, as follows:

The plaintiff alleged that, being the owner and holder
of a promissory note secured by a mortgage on real
estate, he brought an action against Brown, cashier,
Louisa L. Baker, Robert H. Baker and A. Jacobitz to
recover on the note, made by the two Bakers to Ja-
cobitz, which was secured by mortgage on certain lots
in Marion Center, Kan., and to foreclose the mort-
gage; that Jacobitz assigned the note before maturity
to one John Buchanan; that there was indorsed on the
note certain payments of principal and interest; that
Brown, cashier, was in possession as owner of the lots,
subject to the mortgage, under a deed dated March 20,

Baxter v. Brown.

1904; that Buchanan died intestate on March 4, 1905, leaving as his heirs his wife, Mary J. Buchanan, and others; that Mary J. Buchanan assigned the note and mortgage to the plaintiff for a valuable consideration; that the two Bakers and Jacobitz filed no answer, but made default; that attached to the petition was a copy of the assignment of the note and mortgage to Buchanan, the allegation of a number of indorsements, and a copy of the written indorsement and transfer of the note and mortgage by Mary J. Buchanan to the plaintiff. To this petition Brown, cashier, filed a verified answer denying all of the allegations in the petition, except the execution of the note by the two Bakers and the allegation that he, Brown, had an interest in the mortgaged premises.

In his petition in this action the plaintiff alleged that the verified answer was untrue and false, and known by Brown at the time he made the affidavit thereto to be untrue and false, and that it was made and filed by him maliciously and without probable cause, with the intent and purpose of Brown to put the plaintiff to unnecessary cost and expense in maintaining his cause of action against him, and then follows an allegation of itemized expenses made necessary by such defense; that Brown was at all times the cashier of the Farmers & Merchants National Bank of Cadiz, Ohio, but that the bank was the owner of the real estate, and that the title was held by Brown for the defendant bank, and that all of the defenses made by Brown were made at the instance and for the benefit of the bank and were intended to and did inure to the benefit of the bank.

In the foreclosure action the court found each controverted allegation to the plaintiff's petition to be true, the plaintiff recovered judgment on the note and a decree of foreclosure, and the real estate was sold as upon execution to pay the debt.

This action was started against the defendants as nonresidents, upon an attachment, and property was

attached in the state and service made by publication. After a judgment by default had been set aside, by agreement, the defendants both appeared in court and demurred to the petition on various grounds, one of which is that the court could not acquire jurisdiction over the defendant national bank by attachment and publication, and the general ground that the petition did not state facts sufficient to constitute a cause of action against either defendant. The court sustained the demurrer generally as to both defendants. The plaintiff elected to stand upon his pleading, and a judgment was rendered in favor of the defendants.

A motion was made by the appellees to dismiss the action for defects in bringing the action to this court, but there is no counter abstract filed showing what was done. The abstract of the appellees is also very defective; indeed, we have had to go to the record to find from what court the appeal was taken. We have therefore decided the case upon the one alleged error properly presented, namely, that the petition did not state a cause of action.

The question is this: A defendant is haled into court and required to defend against claims set forth against him in a civil action. Without asking any affirmative relief whatever, he simply files a general denial and verifies it. Although there may be many things alleged in the petition as true that he knows are true, and although he may know that it will involve the plaintiff in considerable expense to prove and establish the truth thereof, is he responsible for making such defense? The appellant does not even discuss the question in his brief, and not a single authority is cited.

It is a maxim of the law that "for every wrong there is a remedy." It contemplates, however, that a wrong is suffered by the unlawful act of another. Opposed to this maxim is another maxim, *"de minimis non curat lex."* Even the ordinary costs of court were at common law considered among the small things for which the

law did not care. The right to recover costs by the successful party in a litigation depends entirely upon the statutory provisions; at common law each party had his own costs to pay. But while our legislature has made the provision that the successful party in a suit should recover the statutory costs of officers and witnesses, it has gone no further. So far as we are advised, no state in the Union has gone to the extent of providing that the defeated party should pay even the counsel fees of his successful opponent—and counsel fees are almost a necessary incident to every litigation. Indeed, the expenses incident to a lawsuit, either in prosecuting or defending, are frequently, if not generally, far in excess of what are properly termed "costs of the case."

In this state, and quite generally in other states, it has been held that damages for malicious prosecution of a civil action, as well as for a malicious criminal charge, may be recovered. Expenses incurred and damage to business, and even exemplary damages, have been allowed in such cases. We have failed, however, to find any authority for assessing damages for a malicious defense of an action. Indeed, it has been said that self-defense is the first law of nature, and one who physically assaults another can not recover damages of the other for physical injuries inflicted, so long as the other acts simply on the defensive and does no more than is necessary to repel the attack; even if the assailant be killed in the affray, if the assailed does nothing more than is reasonably necessary under the circumstances to defend his own life he is not responsible, either civilly or criminally.

We think the demurrer was properly sustained, and the judgment is affirmed.

BURCH, J., and BENSON, J., concur in the result.