No. 22,944.

L. P. JACOBS, *Appellant,* v. W. C. GREENING and THE EXCHANGE STATE BANK OF PARSONS, *Appellees.*

SYLLABUS BY THE COURT.

1. ACTION—*Damages for Wrongful Garnishment—Malice Need Not Be Proved.* It having been settled in this state that an action for wrongful attachment, not brought upon the bond, may be maintained without malice being pleaded or proved, it follows the same rule applies as to wrongful garnishment. The circumstance that the affidavit for garnishment may be made upon information and belief while that for attachment must be verified positively, does not justify the application of a different rule.

2. SAME—*Damages for Wrongful Procurement of Restraining Order— Malice Must Be Shown.* No action for the wrongful procurement of a restraining order (not brought upon a bond) will lie without a showing of malice.

Jacobs v. Greening.

Appeal from Labette district court; ELMER C. CLARK, judge. Opinion filed November 12, 1921. Affirmed in part and reversed in part.

*Mark Gillin,* and *E. L. Burton,* both of Parsons, for the appellant.

*Paul H. Kimball, Webster W. Kimball,* and *A. A. Osgood,* all of Parsons, for the appellees.

The opinion of the court was delivered by

MASON, J.: L. P. Jacobs sued W. C. Greening and the Exchange State Bank of Parsons charging them in a first cause of action with having wrongfully garnished funds of the plaintiff and in a second with having wrongfully procured the issuance of a restraining order against him. A demurrer to the petition was sustained as to both causes of action and he appeals.

The petition alleged that the defendants were actuated by malice in procuring the garnishment and the restraining order, and that no probable cause therefor existed. The action was begun more than a year after the matters complained of had taken place, and, regarded as one for malicious prosecution, was therefore barred by the statute of limitation. (Gen. Stat. 1915, § 6907, subdiv. 4.) The plaintiff, however, urged that the allegations of malice and want of probable cause may be disregarded and the petition held sufficient to authorize a recovery for actual damages by virtue of its alleging that the garnishment and restraining order were wrongfully procured, irrespective of the motive.

1. The generally accepted rule is that in the absence of express statutory authority an action other than one upon the bond cannot be maintained by one against whom an attachment order was issued, on the ground that its issuance was wrongful, without a showing of malice; but the opposite view has been taken in a few states, including Kansas. (6 C. J. 496; *McLaughlin v. Davis,* 14 Kan. 168.) The defendants contend that although in this jurisdiction an action for wrongful attachment will lie irrespective of motive it does not follow that the same rule obtains with respect to a wrongful garnishment, because the latter process is issued upon allegations veri-

fied only upon information and belief (Gen. Stat. 1915, § 7121) while the former requires a positive affidavit. Assuming that the affidavit for garnishment is required to go no further than to state the affiant's belief that certain facts exist, we see no basis for the application of a different rule on that account. The law does not contemplate the appropriation to the payment of a plaintiff's claim of funds due the defendant, merely because the plaintiff or his agent believes that certain facts exist, but because the affidavit although made only upon information and belief is deemed to show their existence *prima facie*—sufficiently to justify the issuance of the garnishment process. If, for instance, it should develop that the defendant is not indebted to the plaintiff, or that the fund sought to be reached is exempt, it would follow that the garnishment was wrongful and could not be sustained. This court has already affirmed a judgment for the plaintiff in an action for wrongful garnishment, not brought upon the bond, where malice although alleged in the petition was not shown by the evidence. (*Dody v. Bank,* 82 Kan. 406, 108 Pac. 804.)

So far, therefore, as the first cause of action is concerned the one-year statute of limitation did not apply, and for that reason the order sustaining the demurrer was to that extent erroneous.

2. The procuring of a restraining order or temporary injunction, however, stands upon a different footing. Attachment or garnishment process issues as a matter of course upon the plaintiff's filing an affidavit and complying with the other statutory requirements. An injunction, on the other hand, requires action by the court, which particularly in the case of a restraining order is largely a matter of discretion and may be merely a means of preserving a status until opportunity can be had for a hearing on the merits. We regard an action (other than one upon a bond) for its wrongful procurement as not maintainable unless brought as one for malicious prosecution. That view appears to have met general if not universal acceptance. (22 Cyc. 1061; 14 R. C. L. 479.) The demurrer was therefore rightly sustained as to the second cause of action.

As to the second cause of action the judgment is affirmed; as to the first it is reversed, the cause being remanded for further proceedings.