No. 34,674

The Root Grain Company, *Appellee,* v. G. W. Livengood, *Appellant.*

(100 P. 2d 714)

Opinion filed April 6, 1940.

*C. Clyde Myers,* of Kansas City, and *Howard E. Payne,* of Olathe, for the appellant.

*Rolla W. Coleman, John W. Breyfogle, Jr., S. D. Scott,* all of Olathe, and *Harvey Hartz,* of Kansas City Mo., for the appellee.

The opinion of the court was delivered by

Dawson, C. J.: This was an action to recover on an alleged indebtedness arising out of certain contracts for the purchase of grain.

Plaintiff was a Missouri corporation. Defendant, a nonresident of Kansas, was for some time a resident of Colorado and later of Missouri. The action was brought in Johnson county on December 14, 1935. Service was had by publication under G. S. 1935, 60-507, 60-2525 *et seq.,* and certain Johnson county real estate belonging to defendant was attached under G. S. 1935, 60-901.

Plaintiff's petition alleged an indebtedness due from defendant and prayed judgment therefor. In default of answer judgment was entered for plaintiff on March 23, 1936. Defendant's land was appraised at $7,500 and sold for $4,212.65 to satisfy plaintiff's judgment, taxes and interest. Plaintiff was the purchaser. On June 10, 1936, the sale was confirmed and a period of eighteen months for redemption was decreed.

Sometime in July, 1937, defendant learned of the foregoing proceedings, and in October of the same year he made application to open the judgment and to be let in to defend under G. S. 1935, 60-2530. Therewith he filed an answer in which he denied owing the debt sued on, and alleged that whatever contract the debt was based on was a gambling contract and therefore illegal and void under a cited Missouri statute.

On November 27, 1937, the trial court set aside its judgment and the sale of the property, and permitted issues to be joined on defendant's answer.

On May 2, 1938, defendant filed an amended answer not materially different from its answer of October, 1937, but adding thereto a cross petition, the nature of which is not shown, but may be inferred from plaintiff's motion directed against it—that the matters therein pleaded were not a proper setoff or counterclaim, that they did not arise out of the contract or transaction sued on by plaintiff and were not connected with its subject matter, and that the matters alleged in the cross petition did not exist when plaintiff's action was begun, and—

"Seventh: That the attachment mentioned in the defendant's cross petition is *in statu quo* save and except that the sale of said property has been set aside. That until such time and unless said attachment has been found to be wrongful no cause based upon wrongful attachment can arise."

This motion was overruled. Plaintiff then lodged a *demurrer* against the cross petition, *which was sustained* on May 1, 1939, and defendant was given twenty days to amend.

Thereafter, on May 18, 1939, defendant filed an amended cross petition in which he alleged that he was a resident of Kansas City, Mo., and had never been a resident of Kansas; that he resided near the officers of the plaintiff company and attended the same church and Sunday school with them and associated with them in society; that at all times he was solvent and able to pay any judgment plaintiff might obtain against him and that plaintiff knew that fact; but—

"Notwithstanding all of such facts, plaintiff secretly and without notice to defendant, and in order to secure judgment, attachment of property and execution herein against defendant, without defendant's knowledge, wantonly, maliciously, and without regard to plaintiff's rights, and in order to take advantage of, and to cheat and defraud defendant, left the city and state of the place of residence and place of business of plaintiff and the city and state of the place of abode and place of business of defendant, and wantonly, maliciously and without regard to defendant's rights, and in order to take advantage of, and to

cheat and defraud defendant, secretly, and without notice to defendant, and in order to secure a judgment, attachment of defendant's property and execution and sale herein against defendant, without defendant's knowledge, instituted and filed the above-entitled action and in a state and county foreign to those of plaintiff and defendant, to wit: in the state of Kansas, in Johnson county thereof, and plaintiff did, in like manner and with like intent, cause a writ of attachment to issue herein, attaching certain real estate herein belonging to defendant, located in Johnson county, Kansas, which attachment still stands against such property."

The cross petitioner further alleged that plaintiff knew he owed it nothing, that the contract sued on was a gambling contract, without consideration and unenforceable; and that plaintiff—

"Wantonly, maliciously, and without regard to defendant's rights, and, in order to take advantage of, and to cheat and defraud defendant, secretly and without notice to defendant, on or about the 14th day of December, 1935, filed the above-entitled action, and did, in like manner and with like intent, on or about the 23d day of March, 1936, take judgment herein against the defendant and in like manner and with like intent as above described, caused execution to issue therein, causing such attached property to be sold herein by the sheriff of Johnson county, Kansas, plaintiff to satisfy such judgments, such sale being on or about the 1st day of June, 1936."

The cross petitioner further alleged that defendant's "wrongs, injuries and damages" as alleged were continuing and would continue indefinitely into the future, and that the judgment, attachment and sale "as aforesaid" were fraudulent, and had resulted in damages to him which he itemized (including $10,000 as punitive damages) in an aggregate sum of $26,382.76, for which amount he prayed judgment.

Plaintiff filed a motion to strike from the cross petition all matters covered by the trial court's previous ruling on plaintiff's demurrer. This motion was argued and considered as a demurrer and sustained, and defendant was again given time to plead further. Defendant filed a motion to set that ruling aside, which was denied on October 6, 1939; and the trial court also held that the matter included in the cross petition was barred by the statute of limitations.

Hence this appeal.

At the outset, we must repeat an observation this court is frequently required to make, which is that a liberal use of acerbic adjectives and adverbs does not serve to strengthen the facts alleged to plead a cause of action or defense. A litigant is entitled to choose the forum in which he will sue his adversary; he may consult his

709

own convenience in respect thereto; and if the forum he selects is one which has jurisdiction of the subject matter and such service of process as the statute requires, can be obtained therein, the action cannot be regarded as fraudulent, wanton, malicious, nor as designed to cheat and defraud his adversary. The hard words appearing in defendant's cross petition have not the slightest legal significance. (*Smith v. Bridgeport Machine Co.*, 151 Kan. 444, 100 P. 2d 65.)

Our civil code has greatly relaxed the older rules of pleading and now permits a defendant whose property has been wrongfully attached to join with his answer to plaintiff's petition (by special leave of court) a supplemental claim for damages for such wrongful attachment, which may be tried along with his defense to the principal action (*Baxter v. Brown*, 83 Kan. 302, 111 Pac. 430; *Oil & Gas Co. v. Wasson*, 111 Kan. 124, 127-128, 206 Pac. 320; *Bank v. Goerber*, 113 Kan. 498, 215 Pac. 285 and syl. 3; *Starkey v. Almena State Bank*, 130 Kan. 568, 570, 287 Pac. 251; *Allison v. Borer*, 131 Kan. 699, 701, 293 Pac. 769). See, also, *Petersime Incubator Co. v. Ferguson*, 143 Kan. 151, 157-159, 53 P. 2d 505; and Anno. Wrongful Seizure—Assertion of Claim, 85 A. L. R. 644-664.

Assuming, therefore, that the attachment of defendant's property in Johnson county on December 14, 1935, was wrongful, defendant's amended cross petition—which his counsel concedes must be technically regarded as supplemental matter to his answer and filed by special leave of court as the code requires—was filed on October 6, 1939. That was three years, nine months and twenty-two days after his property was attached, and the statute of limitations would bar it completely whether the attachment of defendant's property be regarded as a trespass to real estate, or as an injury to the rights of another (G. S. 1935, 60-306, *Third*); or as the malicious prosecution of a civil action. (G. S. 1935, 60-306, *Fourth*.) In *Jacobs v. Greening*, 109 Kan. 674, 676, 202 Pac. 72, where a garnishment of funds had been wrongfully procured, it was held that the action for damages therefor was essentially one for malicious prosecution of a civil suit. Garnishment and attachment rest on the same basic principle and their wrongful procurement likewise. In *Jacobs v. Greening*, supra, Mr. Justice Mason said:

"The petition alleged that the defendants were actuated by malice in procuring the garnishment and the restraining order, and that no probable cause therefor existed. The action was begun more than a year after the matters complained of had taken place, and, regarded as one for malicious prosecution,

was therefore barred by the statute of limitation. . . . Attachment or garnishment process issues as a matter of course upon the plaintiff's filing an affidavit and complying with the other statutory requirements. . . . We regard an action (other than one upon a bond) for its wrongful procurement as not maintainable unless brought as one for malicious prosecution. That view appears to have met general, if not universal, acceptance. (22 Cyc. 1061; 14 R. C. L. 479.) The demurrer was therefore rightly sustained as to the second cause of action." (pp. 675, 676.)

It is suggested, however, that the statute of limitations did not run against defendant's claim for damages because plaintiff and defendant were nonresidents of Kansas. So far as the plaintiff was concerned, it had invoked the jurisdiction of the Johnson county district court; it was represented by counsel in that court, and was amenable to service on any matter pertaining directly or indirectly to the subject matter of the action it had begun on December 14, 1935. (*Herthel v. Barth,* 148 Kan. 308, 81 P. 2d 19; *Travis v. Glick,* 150 Kan. 132, 91 P. 2d 41; *Graves v. Foster,* 158 Okla. 36, 12 P. 2d 502.)

While the civil code gives a defendant three years in which to make application to open a judgment procured on publication service and to be let in to defend against the original action, it does not give him more than the regular statutory time allowed by the civil code to set up a cross action, counterclaim or supplemental claim for damages arising out of the institution of the original action or out of anything incidental thereto.

The judgment of the district court is affirmed.