No. 34,809

GEORGE E. CORLISS, *Appellant*, v. THE DAVIDSON & CASE LUMBER COMPANY, *Appellee.*

(103 P. 2d 781)

Opinion filed July 6, 1940.

*George McGill, H. C. Castor, Thomas E. Elcock, Victor J. Rogers, J. Paul Jorgensen,* all of Wichita, *Thurman L. McCormick* and *Flay E. Randle,* both of Kansas City, Mo., for the appellant.

*Charles G. Yankey, Harvey C. Osborne, John G. Sears, Jr., Verne M. Laing, G. K. Purves, Jr.,* all of Wichita, *Allan Falkenstine* and *Ted R. Fisher,* both of Watonga, Okla., for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action for damages for malicious and fraudulent prosecution of a civil action. Judgment was for the defendant, sustaining a demurrer to plaintiff's petition. Plaintiff appeals.

The petition stated that plaintiff on August 3, 1936, held a fee-

simple title to a quarter section of land in Blaine county, Oklahoma; that his son, W. B. Corliss, bought lumber in the amount of $50.56 from defendant and gave a check for $60.16, receiving in addition to the lumber $9.60 in cash; that the name of plaintiff was forged to this check; that plaintiff refused to pay the check, and when it went to protest the protest fee amounted to $2.50; that a payment of this amount, in addition to the $60.16 was demanded of plaintiff, and refused. The petition further stated that although defendant then knew that plaintiff had purchased no material from it and had signed no check in favor of it defendant entered into a fraudulent scheme to compel him to pay the debt of Corliss by filing in the district court of Blaine county, Oklahoma, a suit on a material-man's lien for the above amount, and charged in its petition that W. B. Corliss was the owner of the property in question, although defendant knew that George Corliss was and had been the record owner of it for a long period of time. The petition further alleged that defendant in the furtherance of its fraudulent scheme made George Corliss a party to the above suit and alleged that George Corliss claimed some right, title or interest in the property adverse to the lien claim of the Davidson & Case Lumber Company; that in furtherance of the scheme the defendant filed a verified material-man's lien on this land, in which it was stated that W. B. Corliss and plaintiff were the owners of the property, and stated that there was owing to defendant from George Corliss and W. B. Corliss for materials $62.66; that this lien statement was fraudulent and un-true and was made for the purpose of defrauding George E. Corliss by obtaining a materialman's lien, which could be enforced against the property in question; that defendant undertook to obtain a judgment against George E. Corliss without his knowledge; that although it had been held by the supreme court of Oklahoma that the right to a materialman's lien depended upon a contractual re-lationship between the owner of the land and the one claiming the materialman's lien, the defendant took a default judgment on Sep-tember 21, 1936, through failure of the plaintiff to have or receive any notice whatever of the pendency of said suit; that no affidavit of mailing of a copy of the petition with copy of the publication notice attached was ever at any time filed by the plaintiff in that action, as provided by law; that defendant, in furtherance of the scheme, sold the property under the default judgment for $340, and that $200 of the money derived from that sale of plaintiff's property

was used to discharge the forged check and pay the cost of the action and attorney fees; that plaintiff appeared specially in the above case and filed a motion to set aside the default judgment on the ground that no lien service had been had on him and that the court did not have jurisdiction of him; that the defendant had willfully resisted all efforts to obtain relief from such default; that since the property had been sold no adequate relief had been obtained; that no appeal was perfected from the court's refusal to set aside such default judgment rendered on September 21, 1936; that plaintiff herein filed a separate suit in Oklahoma to obtain relief and it was necessary to appeal this case to the supreme court of Oklahoma in an effort to obtain relief from such default judgment. A copy of the journal entry in the first action and of the journal entry in the second action was attached to the petition. The petition set out the items of expense incurred by plaintiff and prayed judgment in the amount of $10,071.57 and set out punitive damages of $15,000. The prayer of the petition was for $10,071.57 and $15,000 punitive damages.

The journal entry in the first action to foreclose the mechanics lien contained the following recital as to the service:

"Thereupon the court examines the service of summons made and had on said defendants and finds that due and legal service of summons by publication was made and had on said defendants, W. B. Corliss and George E. Corliss, and that said defendants are in default."

The demurrer of the defendant to the petition in the above case was sustained on the ground that it did not state a cause of action. This appeal is from that judgment.

The first argument of plaintiff is that the court erred in sustaining the demurrer to the second amended petition of plaintiff on the ground that the matters made the basis of the action were *res judicata*.

It will be noted that, according to the allegations of the petition, after judgment had been entered in the action in Oklahoma to foreclose the materialman's lien, the plaintiff in this case filed a motion to set that judgment aside. It will be noted that the ground upon which the trial court was asked to set this judgment aside was that the trial court did not have jurisdiction of George E. Corliss, a party defendant. It is pointed out in the petition that the plaintiff in that action, who is defendant here, did not make an affidavit that it had mailed a copy of the petition, with a copy of the exhibits attached, to

George E. Corliss, who was a defendant in that suit and is the plaintiff here. It is true that sections 1389 and 1390, Oklahoma Statutes, 1931, provide that such an affidavit shall be made in cases where service is obtained by publication. The reasons given by the trial court of Oklahoma for not setting this judgment aside are not pleaded in the petition. We do find in the exhibits attached to the petition that in the journal entry in that case the trial court of Oklahoma found that due and legal service of summons by publication was made and had on W. B. Corliss and George E. Corliss. Be that as it may, the ground upon which plaintiff seeks to recover against defendants in this case is that the judgment obtained in the Oklahoma case was void because obtained without any service being had on him, such being the same ground that was given in the motion to set aside that judgment in the motions filed in that action in Oklahoma. This motion was overruled. George Corliss took steps to appeal that case to the supreme court of Oklahoma, but did not perfect the appeal. Instead of perfecting his appeal from that order he filed a new action in the same court in Oklahoma, setting out the same grounds. Relief was denied him in that action and he appealed to the supreme court of Oklahoma, where the judgment of the trial court was affirmed. Not many details as to this action are given us in the petition in this case, but the statement is made that the appeal was taken and no relief had. The opinion of the supreme court of Oklahoma in *Corliss v. Davidson & Case Lbr. Co.*, 183 Okla. 618, 84 P. 2d 7, is available to us, however. That opinion discloses that the separate action to set aside the judgment in the action to foreclose the lien, the motion filed in that case to set aside the judgment and the petition in this action were all based on the same ground that the very same language is used to describe what was done in each instance. Fraud was mentioned in the petition filed in Oklahoma, just as it is mentioned here. Before a party can recover damages on account of a judgment having been fraudulently obtained he must first set aside or reverse that judgment. (See *Horner v. Schinstock*, 80 Kan. 136, 101 Pac. 996; also *Simpson v. Kimberlin*, 12 Kan. 579, and *Schultz v. Schultz et al.*, 136 Ind. 323, 36 N. E. 126.) The plaintiff then had the burden of setting aside the judgment in the case filed in Oklahoma to foreclose the lien before he could maintain this action for damages on the ground that such action was fraudulently brought and the judgment obtained by fraud. He argues that judgment is void and that being void it can

be attacked at any time or in any proceedings. The trouble about that argument is that this judgment had been attacked by him twice before this action was started, once when the motion to set aside the judgment was filed and again when the action to set it aside was filed. No appeal was finally taken from the action of the trial court in overruling the motion to set aside the judgment, so it became just as final as though an appeal had been taken and the judgment affirmed. An appeal was taken from the action of the trial court in striking the petition in the separate action from the files. That judgment was affirmed in *Corliss v. Davidson & Case Lbr. Co.*, supra. On the question we are considering the court said:

"The plaintiff emphasizes the oft-repeated assertion that a void judgment may be vacated at any time, and that it is always subject to attack. But that principle does not mean that the question whether a judgment is void may repeatedly be litigated by the parties. The principles of 'another action pending' and *res judicata* are still applicable to actions adjudicating whether or not the judgment is void. In other words, granting that a void judgment is subject to attack at any time, if parties litigate that very question (that is, whether it is void or should be voided), then the question is settled and it is no more the subject of repeated and vexatious suits between the same parties than is any other disputed question of fact or law. If this were not the case, then there would be no end to actions between the same parties to determine the validity of a former judgment."

Thus we have two final adjudications of the same cause of action on the same facts between identical parties. Under such circumstances the only question we have in this case is whether we will give full faith and credit to those two judgments. This court passed upon such a question in *McLain v. Parker*, 88 Kan. 717, 129 Pac. 1140. There this court held:

"A contention that a judgment rendered in another state is void for want of jurisdiction of the subject matter, which turns upon the construction of the statute of that state, is not maintainable where upon appeal the judgment has been affirmed by the court of last resort." (Syl. ¶ 2.)

(See, also, 104 A. L. R. 1187.)

In *Chamblin v. Chamblin*, 362 Ill. 588, 1 N. E. 2d 73, the court, in considering a similar case, said:

"A court's jurisdiction having been once attacked, the former adjudication precludes the raising of the question again. (*Chicago Title and Trust Co. v. National Storage Co.*, 260 Ill. 485.) The doctrine of *res adjudicata* and estoppel applies not only to all matters that were litigated, but to all others that might have been presented in that proceeding. Cases will not be entertained and tried piecemeal." (p. 592.)

(See, also, *Baldwin v. Traveling Men's Assn.*, 283 U. S. 522, 75 L. Ed. 1244.)

We have concluded, following the above authorities, that the question of whether the judgment in the action to foreclose the lien was void was litigated to a finality, both by the action of the trial court in overruling the motion to set aside the judgment and by the independent action to set aside the judgment, and having once been adjudicated cannot again be made the subject of litigation in the courts of this state.

There is another reason why the trial court did not err in sustaining the demurrer to the petition in this case. This action was filed July 21, 1938. The property was sold pursuant to the judgment in the action to foreclose the lien order of court made September 21, 1936. These facts appear on the face of the petition. The cause of action which the petition purports to state accrued on the date when the property was sold, if not before. Thus, it will be seen that one year, eleven months and twenty-one days elapsed after the cause of action accrued before this action was instituted.

This action was brought upon the theory that the judgment in the action to foreclose the lien was procured as the result of a "willful, intentional, premeditated and fraudulent scheme to cheat and defraud" the plaintiff in this case. Certainly this is an action for malicious prosecution of an action though the word "malice" or "malicious" is not used in the petition. These allegations as to the motive for bringing the action cannot be disregarded, since without them there would have been no cause of action stated regardless of what had happened in Oklahoma. Such being the case, G. S. 1935, 60-306, *Fourth,* provides the limitation. That section reads as follows:

"Civil actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards:

.    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .

"*Fourth.* Within one year: An action for libel, slander, assault, battery, malicious prosecution, or false imprisonment; an action upon a statute for penalty or forfeiture, except where the statute imposing it prescribes a different limitation."

This court had the above section in mind when, in *Jacobs v. Greening,* 109 Kan. 674, 202 Pac. 72, in considering an analogous case, it said:

"The petition alleged that the defendants were actuated by malice in procuring the garnishment and the restraining order, and that no probable cause therefor existed. The action was begun more than a year after the matters complained of had taken place, and, regarded as one for malicious prosecution, was therefore barred by the statute of limitation." (p. 675.)

To the same effect is the holding of this court in *Root Grain Co. v. Livengood*, 151 Kan. 706; also, *Baker v. Craig*, 127 Kan. 811, 275 Pac. 216. Following these authorities, we have concluded that the plaintiff's cause of action was barred by the one-year statute of limitations and the petition was subject to a general demurrer on that ground as well as upon the ground of *res judicata*, as heretofore discussed in this opinion.

The judgment of the trial court is affirmed.