Horace BROWN, Plaintiff,

v.

WESTPORT FINANCE COMPANY, Defendant.

No. 10510.

United States District Court
W. D. Missouri, W. D.

Oct. 29, 1956.

William H. Towers, John E. Royston, Kansas City, Kan., Leona H. Pouncey, Kansas City, Mo., for plaintiff.

Daniel S. Millman, Kansas City, Mo., for defendant.

R. JASPER SMITH, District Judge.

On July 30, 1956, plaintiff filed his complaint for damages for alleged malicious and wrongful garnishments of plaintiff's wages by defendant Westport Finance Company. Plaintiff alleges that he is a resident and citizen of Kansas City, Kansas, and that defendant is a Missouri corporation with its principal place of business located in Kansas City, Missouri. Plaintiff further alleges that the defendant, on July 1, 1953, instituted an action against him in the Magistrate Court of Johnson County, Kansas, to recover $289.56 and costs, in which amount plaintiff was allegedly indebted to defendant; that at the time of filing the action defendant caused to be issued a garnishee summons to the Hercules Powder Company, at DeSoto, Kansas, plaintiff's employer; and that on the day appointed in the summons, July 15, 1953, plaintiff went to the Magistrate Court at Olathe, Kansas, to appear for trial, but found the courtroom locked. Neither the judge of the Magistrate Court, nor the Westport Finance Company allegedly made an appearance at the time and on the day appointed for trial of the cause.

The malicious and wrongful garnishments of which the plaintiff complains allegedly commenced on September 17, 1953, and successively occurred on March 30, 1954, April 24, 1956, and finally May

15, 1956. Plaintiff claims that the garnishments of September 17, 1953, and of May 15, 1956, were executed after defendant, through its attorney, willfully, falsely and maliciously swore to the Clerk of the Magistrate Court of Johnson County, Kansas, that it had recovered judgment against the plaintiff, and after it filed an affidavit of garnishment after judgment with the Clerk of that court, knowing that the suit "had never been set for trial, nor ever tried, nor judgment entered by the judge of the Magistrate Court of Johnson County."

The garnishment proceedings of March 30, 1954, and of April 24, 1956, were instituted, plaintiff alleges, when defendant filed in the Magistrate Court of Johnson County affidavits in garnishment before judgment, knowing that, because of Section 61–801, General Statutes of Kansas 1949, the court had lost jurisdiction of the original action filed on July 1, 1953, and that the garnishee summons issued on the strength of the affidavits were unlawful and void.

Defendant Westport Finance Company has moved to strike portions of plaintiff's complaint for the reason that some of the causes of action alleged are barred by the applicable statute of limitations. This motion is the present concern of the Court.

■ Unquestionably, as each of these garnishments occurred, if in fact they were malicious and wrongful, a cause of action accrued in favor of plaintiff. The four alleged malicious and wrongful garnishments are separate and independent causes of action, and upon the occurrence of each one, the applicable statute of limitations began to run as against that particular garnishment.

Section 60–306, General Statutes of Kansas 1949, provides:

"Civil actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards: * * * Fourth. Within one year: An action for libel, slander, assault, battery, malicious prosecution, or false imprisonment".

■■ Ordinarily, the law of the forum, which in this case is Missouri, determines the limitations of actions. The Kansas statute is not applicable to this case as such. However, because of the nature of the case, it is adopted by Missouri, becomes a Missouri statute of limitations, and therefore, applicable to the present action, by virtue of Section 516.-180, V.A.M.S., which provides that:

"Whenever a cause of action has been fully barred by the laws of the state, territory or country in which it originated, said bar shall be a complete defense to any action thereon, brought in any of the courts of this state."

This statute makes statutes of limitations of the foreign state in which the cause of action accrued a statute of limitations of Missouri, and in effect, a special statute of limitations applicable to causes of action arising in foreign states. Alropa Corp. v. Smith, 240 Mo.App. 376, 199 S.W.2d 866; Turner v. Missouri-Kansas-Texas R. Co., 346 Mo. 28, 142 S.W.2d 455, 129 A.L.R. 829; and Christner v. Chicago, R. I. & P. Ry. Co., 228 Mo. App. 220, 64 S.W.2d 752, 753.

■■ However, before this one-year statute of limitations can be applicable, it must be determined that plaintiff's action is one for "malicious prosecution" within the meaning of the statute. Whether the action is denominated as an action for malicious prosecution of garnishment proceedings, malicious use of process or malicious and wrongful garnishment, the Kansas law means that if plaintiff alleges that defendant was actuated by malice in procuring the garnishments, and relies upon the element of malice as a basis for recovery, the action is regarded as one for malicious prosecution. Jacobs v. Greening, 109 Kan. 674, 202 P. 72; Root Grain Co. v. Livengood, 151 Kan. 706, 100 P.2d 714; Bratton v. Exchange State Bank, 129 Kan. 82, 281 P. 857; and Ahring v. White, 156 Kan. 60, 131 P.2d 699. The

Kansas statute applies, and the causes of action asserted by plaintiff based on facts occurring more than one year preceding July 30, 1956, are barred, and may not be relied upon by plaintiff as a ground for recovery.

Plaintiff concedes that if the one-year statute of limitations is applicable and controlling, several of his causes of action are barred. He urges in opposition to defendant's motion to strike that the one-year statute is not applicable. He contends that if the action had been brought in Kansas, none of Kansas' statutes of limitations would be available to defendant as a defense, and therefore, none of plaintiff's causes of action are barred in Kansas. This being true, none of his causes of action are barred in Missouri, unless barred by a Missouri statute of limitations other than Section 516.180, supra.

Plaintiff supports this contention by asserting that defendant Westport Finance Company was not at any time prior to, or at the time the causes of action arose licensed or authorized to do business in Kansas as required by Section 17–501, General Statutes of Kansas 1949.

■ If the defendant, at the time of the alleged malicious and wrongful garnishments, was doing business in Kansas, but had failed to comply with the licensing statute, Section 17–501, supra, it is quite clear under Kansas law that defendant could not invoke and avail itself of the benefit of the Kansas statutes of limitations in a suit brought in Kansas. Weishaar v. Butters Pump & Equipment Co., 149 Kan. 842, 89 P.2d 864, 122 A.L.R. 1190; Miller v. Commercial Credit Co., 156 Kan. 43, 131 P.2d 716; or even in a suit brought in Missouri, Wojtylak v. Kansas & T. Coal Co., 188 Mo. 260, 87 S.W. 506.

■ Although this is a correct general statement of the law, it has no application to the present action. Plaintiff's pleadings contain no assertion of any nature that defendant ever engaged in business in Kansas, and particularly was so engaged at the time of the alleged garnishments. Plaintiff does not assert that the transaction between himself and defendant was consummated in Kansas. Certainly, the entrance into that state to file suit in the Magistrate Court of Johnson County cannot be considered as engaging in business. See Wilson v. First State Bank of Jetmore, 77 Kan. 589, 95 P. 404, 406. The cases cited by plaintiff all involve defendants who entered Kansas to solicit business, execute contractual agreements with its citizens, and sell merchandise, but who had failed to comply with the appropriate Kansas licensing statute. Naturally, Kansas will not permit a foreign corporation to seek refuge behind its statutes of limitations to the detriment of Kansas citizens when the foreign corporation is not acting in good faith.

■ In the present case, there is no indication that defendant ever engaged, or attempted to engage in business within the State of Kansas. The case simply involves an alleged cause of action arising in favor of a Kansas citizen against a Missouri corporation, a nonresident of Kansas. With the cause of action arising in Kansas, Kansas law must apply.

Defendant's motion to strike portions of plaintiff's complaint is sustained for the reason that the actions based on the portions stricken are barred by the applicable statute of limitations. There is stricken from plaintiff's complaint all of paragraphs VII, VIII, IX, X, XI; that portion of paragraph XV following the word "Again" containing the words, "for the fifth time"; and that portion of paragraph XVI beginning on the ninth line thereof on the top of page seven (7) containing the words, "over a period of three years".

It is so ordered.