No. 42,521

ROBERT D. RATI, *Appellee* and *Cross-Appellant*, v. THE PITTSBURG FINANCE & THRIFT CORPORATION, INCORPORATED, a Corporation, *Appellant*, EARL K. ALLMON, *Cross-Appellee*.

(369 P. 2d 228)

Opinion filed March 3, 1962.

*Rollie P. Emmitt, Jr.,* of Pittsburg, was on the brief for the appellant.

*Pete Farabi* and *L. M. Resler,* both of Pittsburg, were on the brief for the appellee and cross-appellant.

*K. I. Loy,* of Pittsburg, was on the brief for the cross-appellee.

The opinion of the court was delivered by

PRICE, J.: This is an action for damages for the alleged wrongful and illegal seizure and sale of plaintiff's automobile. Defendants are a finance company and its president.

The appeal is from rulings on demurrers to the petition.

Highly summarized, the petition alleges:

On January 27, 1958, plaintiff became, and still is, the owner of a certain described automobile. On November 19, 1958, defendant Allmon, acting for himself and as agent for defendant company, unlawfully, maliciously and without probable cause swore to and filed a false affidavit in the city court of Pittsburg, in which he falsely stated that one Dorothy B. McWilliams owned said automobile and demanded that an execution be levied thereon to satisfy a debt owed by Dorothy to defendant company.

Pursuant to the praecipe for execution the marshal of the city court, being induced by and acting under the direction of Allmon,

wrongfully and illegally seized the automobile as the property of Dorothy after she told them that plaintiff was the owner thereof, and on December 29, 1958, sold it to Allmon for the sum of $95, which was much less than it was worth.

It is further alleged that plaintiff was not indebted to defendant company; that defendants knew, or should have known, that plaintiff was, and had been, the owner of said automobile since January 27, 1958; that the market value of the automobile at the time it was wrongfully seized was $150, which amount plaintiff is entitled to recover, together with the sum of $600 for loss of its use and damages, and that by reason of the false affidavit and wanton and malicious and unlawful conduct of defendants, plaintiff's credit and name and reputation have been damaged, and he was subjected to great humiliation and disgrace, and therefore is entitled to recover exemplary damages in the amount of $5,000.

Each of the defendants demurred to the petition on the ground it failed to allege facts sufficient to state a cause of action.

The demurrer of defendant Allmon was sustained.

The demurrer of defendant finance company was overruled and it has appealed from that ruling. Plaintiff has cross-appealed from the order sustaining defendant Allmon's demurrer.

It will be noted that the alleged unlawful acts on the part of defendants occurred on November 19, 1958, and December 29, 1958.

This action was filed on January 7, 1960.

As to both defendants the point raised on appeal concerns the applicable statute of limitations.

Insofar as defendant Allmon is concerned, the allegations of the petition as to his unlawfully, maliciously and without probable cause swearing to the false affidavit in order to cause an execution to be levied on the automobile make it clear that plaintiff is relying upon the element of malice as the basis for recovery, thus rendering the action one based upon malicious prosecution.

The statute (G. S. 1949, 60-306, *Fourth*) provides that an action for malicious prosecution can only be brought within one year after the cause of action shall have accrued.

In *Root Grain Co. v. Livengood,* 151 Kan. 706, 100 P. 2d 714, it was said:

". . . In *Jacobs v. Greening,* 109 Kan. 674, 676, 202 Pac. 72, where a garnishment of funds had been wrongfully procured, it was held that the action for damages therefor was essentially one for malicious prosecution of a civil suit. Garnishment and attachment rest on the same basic principle and their

wrongful procurement likewise. In *Jacobs v. Greening,* supra, Mr. Justice Mason said:

" 'The petition alleged that the defendants were actuated by malice in procuring the garnishment and the restraining order, and that no probable cause therefor existed. The action was begun more than a year after the matters complained of had taken place, and, regarded as one for malicious prosecution, was therefore barred by the statute of limitation.' " (pp. 709, 710.)

See also *Corliss v. Davidson & Case Lbr. Co.,* 152 Kan. 327, 103 P. 2d 781, syl. 2, pp. 332, 333.

As to defendant Allmon, the action, being in the nature of one for malicious prosecution, and being commenced more than one year following his alleged wrongful acts, was barred by the statute of limitations. His demurrer to the petition was therefore properly sustained.

With respect to defendant finance company the action appears to stand upon a different footing.

The statute ( G. S. 1949, 60-306, *Third*) provides that an action for taking, detaining or injuring personal property can only be brought within two years after the cause of action shall have accrued.

In the early case of *Ryus v. Gruble,* 31 Kan. 767, 3 Pac. 518, although an action on a sheriff's bond arising out of a wrongful levy upon personal property, it was said:

"The wrongs charged in the plaintiff's petition as the foundation for his present action, are a trespass upon real property, and the taking, detaining and selling of personal property. Now an action for these wrongs is barred within two years; . . .

"Under the facts of this case, the plaintiff had an action against the defendant for a trespass upon real property, which action was barred within two years. He also had an action for the taking and conversion of the personal property, which action was also barred within two years; . . ." (p. 769.)

It is clear that the alleged wrong on the part of defendant finance company was the wrongful taking, seizure and sale of plaintiff's automobile, which brings the matter within the two-year statute of limitations last above mentioned. The action was brought within two years from the date of wrongful taking, and as to such defendant the demurrer was properly overruled.

Both of the rulings appealed from are therefore affirmed.